## C. J. McCALL v. J. H. WHALEY ET AL.

### Decided December 16, 1908.

**1.—Illegal Contract—Public Office.**

A contract for the sale of his store and business as a druggist which involved an agreement by the vendor also to resign his office as postmaster and endeavor to procure the appointment of the purchaser to that position was illegal, being contrary to public policy.

**2.—Same—Executory Agreement—Recovery of Money Paid.**

One who pays money upon an illegal contract may recover it back, though deposited as a forfeit, while the agreement remains executory, such action being not an affirmance but a repudiation of the illegal undertaking.

Appeal from the County Court of Falls County. Tried below before Hon. D. H. Boyles.

*Freeman & Morrison* and *Z. I. Harlan,* for appellant.—Under the agreement the forfeiture was not dependent on whether the contract was executory or executed, or legally enforceable or not, but on whether Barclay complied with his part of it. Yetter v. Hudson, 57 Texas, 613; Talkin v. Anderson, 19 S. W., 853; Fessman v. Seeley, 30 S. W., 269.

The buyer, or his assignee of the claim with notice, can not recover back money paid under such illegal contract, but the courts will refuse to aid either party to it, or their assigns with notice. Edwards v. Randle (Ark.), 36 L. R. A., 174; Burck v. Abbott, 22 Texas Civ. App., 216-219; 9 Cyc., 494; 15 A. & E. Ency. Law (2d ed.), 967-968, and authorities quoted from in note; Schneider v. Local Union No. 60 (La.), 5 L. R. A. (N. S.), 891.

*Spivey, Bartlett & Carter,* for appellees.—The appellant having urged in his answer and on the trial of the case that the agreement under which the money sued for in this case was placed with de-

fendant by his codefendant Barclay was violative of the anti-trust statutes of this State, he can not on appeal call in question the ruling of the trial court made in accordance with such suggestion. International & G. N. Ry. Co. v. Sein, 89 Texas, 63; Missouri, K. & T. Ry. Co. v. Eyer, 96 Texas, 72; Clark v. Cyclone, etc., Fence Co., 22 Texas Civ. App., 41.

The facts being undisputed that Barclay did promptly disaffirm the contract and demand the return of the money before the illegal purpose was carried out, the court did not err in peremptorily instructing the jury to return a verdict for the plaintiff. Congress, etc., Spring Co. v. Knowlton, 103 U. S., 49; Lewy v. Crawford, 5 Texas Civ. App., 297; Gageman v. Necco, 59 S. W., 822; 9 Cyclopedia of Law, 554, 27 Id., 874; Bernard v. Taylor, 37 Am. St. Rep., 697; Peters v. Grim, 34 Am. St. Rep., 599; 2 Pomeroy's Eq. Juris., 457; Thomas v. Richmond, 12 Wall., 349; 2 Parsons on Contracts, 736; Wharton on Contracts, sec. 354; Pullman Palace Car Co. v. Central Tr. Co., 171 U. S., 151; Visher v. Yates, 11 Johns., 28; Simkins on Contracts and Sales, 172, 173; Stacy v. Foss, 36 Am. Dec., 755.

KEY, Associate Justice.—C. J. McCall and W. F. Barclay made an oral agreement by which McCall was to sell to Barclay a storehouse and lot and a stock of drugs and stationery in the town of Burlington, Texas. Barclay paid to McCall $750 on the trade, and it was agreed between them that the contract would be reduced to writing the next day. On the next day Barclay sent a written contract to HcCall for him to sign, which he declined to do, claiming that it contained a stipulation that was not in the verbal agreement. Thereafter several conferences were held between them, but no agreement reached, and after the lapse of several days Barclay notified McCall in writing that the trade was off, and demanded the return of the check he had given for the $750, which demand McCall refused to comply with. Thereafter McCall collected the $750 check, and Barclay transferred his claim against McCall for the $750 to J. H. Whaley, who brought this suit against both McCall and Barclay, the latter having guaranteed the payment of the claim. A credit of $7.40 was admitted and the suit was brought for the balance.

Barclay made no defense, but McCall did, and averred in his answer that the $750 was delivered to him to be applied as part payment for the property sold to Barclay in the event of performance by Barclay, and was to be kept by McCall as a forfeit in the event of Barclay's failure to perform his part of the contract. It was also asserted in defendant's answer that the plaintiff should not be permitted to recover, because the contract for the sale of the property included a stipulation to the effect that McCall should retire from the drug and stationery business in the town of Burlington, and should not compete with Barclay in that business, which agreement, McCall alleged in his answer, constituted a violation of the anti-trust statutes of this State. The undisputed testimony sustained the averment referred to, but showed that the contract had never been executed. The trial court accepted the defendant's construction of the

anti-trust statute; but, as the contract had never been executed, held that the plaintiff was entitled to recover as against McCall, and peremptorily instructed a verdict for the plaintiff.

The defendant McCall has appealed, and now asserts that the facts pleaded by him as constituting a breach of the anti-trust statute, are not in fact violative of that statute, and therefore the court erred in directing a verdict for the plaintiff in not permitting the jury to determine which party had breached the contract. We find it unnecessary to decide whether or not the trial court ruled correctly in holding that the contract was in violation of the anti-trust statute, as it is also unnecessary to decide whether or not, if error was committed in that respect, it was invited by appellant in such manner as to preclude him from complaining, because, in our opinion, and for another and different reason, the contract was unlawful. It was shown by undisputed testimony that one of the stipulations in the contract was to the effect that McCall was to resign the office of postmaster at Burlington, and was to use his influence to procure such person as Barclay might designate to be appointed as his successor. It is contrary to public policy, and therefore unlawful, for persons to traffic in official positions; and, therefore, an agreement to resign an office or exert efforts to procure an office for another for a consideration, is unlawful and not enforcible.

It is also held by the weight of authority that as long as an illegal contract has not been executed, and is still executory, that money paid thereon may be recovered. Such a suit and recovery do not constitute an enforcement of the illegal contract. On the contrary, they involve a disaffirmance of the contract. In this case the contract was never executed, and the undisputed testimony showing that one of its stipulations was illegal, the plaintiff as the assignee of Barclay was entitled to recover the money sued for. (Lewy v. Crawford, 5 Texas Civ. App., 293; Thomas v. Richmond, 12 Wall., 349; Tyler v. Carlisle, 1 Am. St. Rep., 301; Congress, etc., Spring Co. v. Knowlton, 103 U. S., 49; Pullman Palace Car Co. v. Central Transportation Co., 171 U. S., 151; 9 Ency. Law, 554; 2 Pom. Eq. Jur., 457.)

The case of Edwards v. Randle, 38 S. W., 343, relied on by appellant, while similar in many respects, is not entirely so, and was disposed of by the Supreme Court of Arkansas, as shown by the opinion, upon the assumption that the contract was executed.

No error has been shown and the judgment is affirmed.

*Affirmed.*

Associate Justice Rice did not sit in this case.