FEDERAL LIFE INS. CO. v. HOSKINS.
(No. 7429.)

(Court of Civil Appeals of Texas. Dallas. April 1, 1916. Rehearing Denied April 29, 1916.)

1. INSURANCE ⊕⟞141(4)—FRAUD — ESTOPPEL.

Where the insured is induced to sign an application by false representations of the agent that it provides for such policy as they have agreed upon, when, in fact, it provides for another and materially different policy, he is not estopped from setting up such false representations, unless inexcusably negligent in not informing himself, though he could have done so by reading the application when he signed it.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 262; Dec. Dig. ⊕⟞141(4).]

2. INSURANCE ⊕⟞198(6)—FRAUD — QUESTION FOR JURY.

Whether insured, giving his note for and accepting a policy covering a different period than that alleged to have been represented by the insurer's agent, was inexcusably negligent, was a question of fact for the jury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 465–467; Dec. Dig. ⊕⟞198(6).]

3. APPEAL AND ERROR ⊕⟞748(2)—REVIEW— FUNDAMENTAL ERROR.

Assignments showing that the insurance transaction between the parties was in violation of law and void presented fundamental error and might be considered, though improperly grouped.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3059, 3060; Dec. Dig. ⊕⟞ 748(2).]

4. CONTRACTS ⊕⟞138(3)—ILLEGAL CONTRACT— RECOVERY OF MONEY PAID — PARTIES IN PARI DELICTO.

Plaintiff entering into an insurance contract whereby he was to receive the benefits of a rebate, offered in violation of Vernon's Sayles' Ann. Civ. St. 1914, arts. 4897, 4954, while the

contract was executory, might recover the premiums paid thereunder.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 688, 689; Dec. Dig. ⬤⇒138(3).]

5. APPEAL AND ERROR ⬤⇒882(12)—PARTY ENTITLED TO ALLEGE ERROR—INSTRUCTIONS.

On appeal a party cannot call in question a ruling of the trial court made at his suggestion, such as incorporating special requested issues in the general charge instead of submitting them as special charges.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3602; Dec. Dig. ⬤⇒ 882(12).]

6. TRIAL ⬤⇒351(2)—REQUESTED ISSUES—SELECTION.

The trial court is not required to select from a number of special issues those which are proper to be given and those which are not.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 837; Dec. Dig. ⬤⇒351(2).]

7. TRIAL ⬤⇒351(5)—REQUESTED INSTRUCTIONS —GIVEN INSTRUCTIONS.

Where some of the requested issues were substantially covered by the main charge, it would have been improper to repeat such issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 834; Dec. Dig. ⬤⇒351(5).]

8. APPEAL AND ERROR ⬤⇒742(7) — ASSIGNMENTS OF ERROR.

An assignment of error in overruling appellant's motion for a new trial for the reasons enumerated in the motion, with the proposition that, for the reasons set out in previous assignments of error, in submitting the case to the jury, in entering judgment, and in overruling the motion, the court erred, and the statement consisting of a copy of the motion, would be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⬤⇒742(7).]

Appeal from Dallas County Court; T. A. Work, Judge.

Action by John T. Hoskins against the Federal Life Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Lawther, Pope & Mays, of Dallas, for appellant. George, Hancock & Hardwicke, of Dallas, for appellee.

RASBURY, J. Appellee sued appellant to recover $210, the amount of a note executed by appellee in favor of appellant and by it transferred to the White Banking Company before maturity for value. There was a trial by jury, to whom the court referred certain special issues of fact, upon the answers to which judgment was for appellee; hence this appeal.

From the findings of the jury which are supported by the evidence the following facts are deducible: Appellant, through its duly authorized agent, agreed to insure appellee's life in the sum of $5,000 from April 3, 1913, to October 1, 1914. The rate of the insurance fixed by the company was $85 per thousand annually, which was known both to appellee and appellant's agent, but was reduced to the sum stated for that period, appellee assigning one reason for the reduction, and appellant another, the true reason being neither important nor controlling. At the time appellee and appellant's agent reached their agreement, which was April 3, 1913, appellee executed his note for the agreed sum of $210, due October 1, 1914, payable to the agent, to whom it was delivered, and who promptly negotiated it with the White Banking Company. Subsequently, on April 25, 1913, the policy was issued and by the agent delivered to appellee. Two days after the policy was delivered appellee examined same and found that it was not in compliance with the agreement, in that it was issued covering the period from April, 1913, to April, 1914, when it should have covered the period from April, 1913, to October, 1914. Appellee returned the policy to appellant and demanded the return of his note. This appellant declined to do. Subsequently, after ineffectual efforts to adjust the matter, suit was filed. Any details of the evidence necessary to a proper disposition of the assignments will be stated while considering same.

The first issue raised attacks the action of the court in overruling appellant's general demurrers directed against appellee's amended and supplemental petitions. The pleadings so attacked in substance charge that appellant's agent represented to appellee that appellant would, in consideration of the $210 note insure appellee against death from April, 1913, to October, 1914, in the sum of $5,000, although she knew at the time such representation was made the appellant would not do so, but made the representation with the fraudulent intent and purpose of inducing appellee to execute the note in order that she might negotiate same with an innocent purchaser, and thereby defraud appellee, and that, relying upon such representations, appellee did execute and deliver the note to said agent, who did, in pursuance of such fraudulent scheme, sell and transfer same to White Banking Company, who was a bona fide holder for value of same, and that in such connection he signed at the request of the agent an application for such insurance, which she represented contained the agreement made, and on which representation appellee relied, but that the agent fraudulently wrote therein the provisions that he was to pay a greater sum than agreed, and that the policy should only cover a period of one year, and that thereafter, upon delivery of the policy and his discovery that it did not comply with the agreement so made, repudiated same, etc.

[1, 2] The proposition asserted is that the court should have sustained the general demurrers on the ground that the facts alleged constituted no ground for recovery, for the reason that appellee, in the absence of any showing of inability to read, or any trick, fraud, or artifice resorted to to prevent his reading, the contract, was bound by its plain,

unequivocal, and express terms, and could not rescind same because due to his own negligence and carelessness; or, to apply the rule invoked to the facts in this case, that it was the duty of appellee to read the application or contract, and not rely upon the representations of the agent that it contained the agreement actually made. The rule is otherwise. It has been held, under a plea alleging false representations concerning an application for policy of insurance, that when the insured is induced to sign an application by false representations of the agent to the effect that it provides for such policy as agreed upon, while, as matter of fact, it called for another and materially different policy, the insured is not estopped from setting up such false representations, unless inexcusably negligent in not informing himself, though he could have done so by reading the application at the time he signed same. Mutual Life Ins. Co. v. Hargus, 99 S. W. 580; Compagnie Des Mataux Unital v. Victoria Mfg. Co., 107 S. W. 651. In the case of Equitable Life Ins. Co. v. Maverick, 78 S. W. 560, where the facts are practically identical with those in the instant case, the trial court was requested to charge the jury:

"That, if plaintiff failed to avail himself of the means at hand of ascertaining the truth or falsity of the agent's representations, he was estopped to complain of their untruth."

The charge was refused by the trial court, which was on appeal assigned as error, and in sustaining the action of the lower court the appellate court said:

"If plaintiff knew the truth of the matter, he could not claim that he was deceived. But, if he did not know it, and relied on the statement of the agent at the time, but could have informed himself of it by means of information at hand, he is not necessarily estopped. This would depend upon whether or not he was inexcusably negligent in not informing himself."

Whether he was inexcusably negligent was a question of fact for the jury, and that issue was submitted to the jury in the instant case and resolved in favor of appellee's contention. We conclude therefore that the demurrers were properly overruled.

[3] The next issue is raised by grouping 11 assignments of error, in obvious and flagrant violation of the rules, since the several assignments bring into review the action of the court in submitting as many special issues of fact, and in entering judgment for appellee thereon, and in refusing to instruct verdict for appellant, but, because it is urged thereunder that the transaction between appellant and appellee is illegal and void because in violation of law and hence presents fundamental error, which may be considered however raised, we feel compelled to consider same.

[4] Articles 4897, 4954, Vernon's Sayles' Stats., provide, among other matters, that no insurance company shall make or permit any distinction or discrimination in favor of individuals between insurants of the same class and of equal expectation of life in reference to the amount or rate charged, etc.; nor shall any company, officer, agent, solicitor, or representative pay, allow, or give, or offer to pay, allow, or give, directly or indirectly, as an inducement to insurance, any rebate of premiums, etc. Any violation of the articles shall constitute a misdemeanor, and the company shall in the manner provided forfeit its permit and the agent his license. It is contended by appellant, in effect, that notwithstanding it failed to issue appellee the policy agreed upon and in consideration of which his note was executed and delivered, he is nevertheless not entitled to demand the return of the note or its equivalent in case of sale and negotiation, for the reason that in order to prove his case appellee would have to trace same through an illegal contract; that is, the giving of a rebate in violation of the statute cited. The proposition is grounded on the theory that the parties are in pari delicto, and, being so, the courts will leave them where found. The evidence does disclose that the agent agreed to accept from appellee a sum less than the fixed rate, and it seems to us that it is immaterial what the reason or excuse for so doing was, or whether either party thereto was cognizant of the purpose or effect, since in the last analysis it was in law a discrimination and rebate and forbidden by law, and subjected the company and the agent to the penalties provided in the articles cited. Then does the giving of the rebate affect appellee's right to recover the value of his note, when sold and the proceeds converted by the appellant? We conclude not. Without reference to the provisions of the statutes penalizing the giving of rebates, and aside therefrom, the rule declared by the great weight of authority is that as long as an illegal contract is executory money or other thing of value paid thereon may be recovered. McCall v. Whaley, 52 Tex. Civ. App. 646, 115 S. W. 658, and cases cited. This is so because such a suit is a disaffirmance of the unlawful undertaking, and is sustained for the same reasons of public policy that deny either guilty party any relief when the unlawful undertaking is consummated. It is true that in the instant controversy it appears that appellee was willing to enter into the unlawful contract and receive the benefits of the rebate offered, and would have done so had the appellant observed its part of the same. The fact remains, however, aside from what the parties really intended or the motives that prompted appellee, that before its consummation he sought the disaffirmance, which is sufficient under the rule.

Considered from the statutory angle, the rule of disaffirmance is, in our opinion, unaffected by such provisions. The state of Wisconsin has a statute concerning discriminations and rebates substantially similar to

our statute. In a well-considered case by the Supreme Court of that state it is said, after noting that the purpose of the statute is to protect the insurants:

"The cases in which the court has held that money paid upon a void contract may be recovered back by the payor are cases either where the contract itself is not prohibited by law, but is declared to be void because not made or evidenced in the manner prescribed by law or where the contract is declared void by law as to one party in order to protect the other against injustice and oppression." Urwan v. Northwestern Natl. Life Ins. Co., 125 Wis. 349, 103 N. W. 1102.

Obviously the statutes cited were enacted to protect the insurants and prospective insurants against any discrimination in the amount required to be paid for premiums on life insurance, and belongs to that class of legislation where the prohibited act is void as to that person against whom the prohibition is leveled. Accordingly we conclude that the parties were not in pari delicto under the terms of the statute.

[5] It is next urged that the court erred in submitting three special issues of fact to the jury, for the reason that each issue so submitted assumed as proven another controverted fact. The qualification to the bill of exception presented the action of the court in the respect stated discloses that the special issues complained of were requested by appellant, and that the trial court, instead of submitting them as special charges, incorporated them in his general charge. As was said in I. & G. N. Ry. Co. v. Sein, 89 Tex. 67, 33 S. W. 215:

"This question has often been before appellate courts, and has uniformly, so far as we are able to find, been held against the right of a party or his counsel, upon appeal, to call in question a ruling of the trial court which was made at his suggestion; and it has been generally held that when a charge requested, but refused, was embraced in the general charge of the court, any error arising therefrom could not be questioned by the party who requested the charge."

Accordingly we conclude the action of the court in the respect stated was not erroneous.

[6, 7] The next assignment asserts that the court erred in refusing to submit to the jury 3 certain special issues of fact, being in the order named: (1) An inquiry whether appellee read the application for insurance, or, if not, whether the agent read it to him; (2) whether appellee read the policy when delivered to him; (3) whether the agent read the policy to appellee when she delivered it to him. Under the issues raised by the pleading and evidence the facts sought to be elicited were material, and should have been submitted unless substantially covered by the general charge, waived by appellant, or improperly submitted; and appellee contends they were improperly submitted, and with this contention we agree. Appellant submitted to the court as a whole what it terms special issues and explanations and definitions of legal terms with request for its submission, and which consisted, among other matters, of 15 questions or special issues. The court refused the request, to which exception was reserved. The complaint in the brief is that of the 15 issues requested the court erred in not submitting the 3 enumerated. The rule is that the trial court is not required to select from a number of special issues those which are proper to be given and those which are not, and, it appearing that some of the issues so requested en masse were substantially covered by the main charge, and that it would have been improper to repeat them, no error is shown. G., C. & S. F. Ry. Co. v. Garrett, 98 S. W. 657; Western U. Tel. Co. v. Glass, 154 S. W. 604; Hovey v. Sanders, 174 S. W. 1025; Morris v. McSpadden, 179 S. W. 554.

[8] The remaining assignment raises the issue that the court erred in overruling appellant's motion for a new trial for the reasons enumerated in the motion. The proposition is that, for the reasons set out in all previous assignments contained in the brief, in refusing to instruct for appellee and in refusing to set aside verdict for appellant, in submitting the case to the jury, in entering judgment, and in overruling the motion for new trial, the court erred. The statement consists of a copy of the motion for a new trial. The assignment is overruled.

For the reasons stated, the judgment is affirmed.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

