## CAUSEWAY INV. CO. v. NASS.

### No. 10109.

Court of Civil Appeals of Texas. Galveston.

June 19, 1935.

Rehearing Denied July 11, 1935.

Stewarts, W. Noble Carl and Byron Economidy, all of Galveston, for appellant.

McDonald & Wayman and H. E. Kleinecke, Jr., all of Galveston, for appellee.

PLEASANTS, Chief Justice.

This suit was instituted by appellant in the court below on December 28, 1917, by a petition seeking to recover from appellee on a contract for the sale by appellant to appellee of certain lots or parcels of land in Galveston county. This petition alleged the execution of the contract, and claimed a balance of $695.25 of the contract price of the lots due thereon to appellant, and prayed for recovery of that amount, and for foreclosure of a vendor's lien upon the lots.

Appellee, on or before appearance day, answered this suit by a general demurrer and general denial, and thereafter at same term of the court, on March 30, 1918, filed an amended answer which, in addition to demurrer and other defense pleas, contains averments that the execution of the contract sued on was beyond the power and authority of the appellant corporation, in that it provides that in case of the appellee's death before completing his contract for the payment of the amount he agrees to pay by the terms of the contract, the appellant would convey to his heirs or devisees full title to the lots described in the contract; that the amount contracted to be paid for the lots and that for the insurance on appellee's life was not divisible, and that in entering into the contract appellee relied upon the validity of the entire contract and would not have contracted to purchase the lots if he had known that the appellant was not authorized to make the insurance agreement contained in the contract. Upon these averments, he prayed that the contract be not enforced against him, and that he recover from appellant the payments he had theretofore made on the contract.

With the issues thus made by the pleadings, the case remained upon the docket of the trial court without any action being taken therein by either party until October 19, 1925, when appellant, having several months prior thereto conveyed the lots to other parties for a consideration in excess of the price for which the appellee contracted to purchase them, without notice to appellee obtained from the court an order dismissing the suit.

Thereafter, on October 26, 1925, the court, upon appellee's motion, set aside the order of dismissal of the entire suit, but dismissed appellant's suit for specific performance of the contract, and granted appellee leave to file a second amended answer, which was filed on October 29, 1925.

In this amended pleading appellee made similar averments to those contained in his first amended answer, the substance of which we have before stated, and further, having deposited in court the balance of the purchase money due on the lots under his contract of purchase, asked for recovery of the lots.

On December 18, 1925, the court entered a judgment in favor of appellee against appellant for the title and possession of the property, but thereafter, on December 24th, the court on his own motion vacated this judgment.

Three days later appellant filed a plea in abatement of appellee's suit and an answer thereto.

Appellee appealed, or attempted to appeal, from the order setting aside the judgment of December 18th, but later abandoned the appeal, and it was dismissed.

The case continued to remain on the docket without further action therein until October 3, 1933, when the appellee, with leave of the court, filed a third amended pleading. In this pleading, appellee, by cross-action against the original plaintiff, seeks recovery of the several amounts paid plaintiff on the contract of purchase, with interest on each of the payments from date it was made, and asks that if he be mistaken in his allegations that plaintiff was not authorized to execute the insurance provision of the contract, that defendant be given recovery of his damage caused by the failure and refusal of the plaintiff to accept the tender of the balance of the purchase money due under the contract and convey the lots to appellee.

The first ground of recovery set out in this pleading is as follows:

"Defendant alleges that as an inducement, and as a part of the consideration for defendant entering into said contract, plaintiff represented to him that should he die before the installment payments mentioned above were completed, plaintiff would deliver to the person or persons entitled to take from or under him under the laws of Texas a General Warranty Deed and a guaranty title provided that at the time of purchaser's death all installment payments due up to that time shall have been paid to said company. Defendant further alleges that at the time plaintiff made such representations to him, and at

the time it accepted payments herein alleged to have been made by defendant, plaintiff was, is now, and has continued to be, without power and legal authority to enter into such contract; that defendant, relying upon such false representations, and believing that plaintiff had the right and legal authority to enter into such contract, paid plaintiff prior to August 15, 1915, the installments specified in said contract, aggregating Eight Hundred · Forty Six and 75/100 ($846.75) Dollars. Defendant further alleges that at the time he entered into such contract, and at the times he paid plaintiff the several installments, he did not know that plaintiff was without power and legal authority to enter into such contract, but relied wholly upon plaintiff's representations, and that as soon as he learned that plaintiff was without power and legal authority to enter into such contract he promptly rescinded such contract, and prayed that the installments previously· paid to plaintiff, with interest thereon, be returned to him, but that though often requested, plaintiff has failed and refused to make such· payment to his damage. In this connection, defendant shows that neither he nor City National Bank of Galveston, to whom he made such payments for plaintiff's account, has any record of the dates the several installments aggregating Eight Hundred Forty-Six and 75/100 ($846.75) Dollars were paid, but that all of said installments were paid to plaintiff prior to August 15, 1915.

"Wherefore, premises considered, defendant prays that upon final hearing he have judgment against plaintiff for Eight Hundred Forty-Six and 75/100 ($846.75) Dollars, with interest from August 15, 1915, and costs of suit."

Appellant answered this cross-action of appellee by a supplemental petition, which in addition to a general demurrer, a special exception raising the question of limitation, and a general denial, specially pleads that appellee, by his failure to make the payments required of him under the contract, has forfeited all rights thereunder. This pleading further alleges:

"And for further answer herein, if such be necessary, and without waiving its foregoing pleadings, Causeway Investment Company says that the said F. J. Nass has been guilty of laches and that his demand is stale, as shown by the record in this case, all of which this Honorable Court will take cognizance; and on Feb. 4th, 1918, the said F. J. Nass filed his answer herein and repudiated said contract, and tender was not made under said contract until 1925; that during said period between the time F. J. Nass repudiated said contract and the time tender was made the Causeway Investment Company sold said property described in the contract herein sued upon; that after the said F. J. Nass repudiated said contract and before tender was made by the said F. J. Nass, said property greatly enhanced in value and it would be inequitable to permit F. J. Nass to gamble upon the rise and fall of the market and the laches of the said F. J. Nass is here and now expressly pleaded in defense of the cause of action of the said F. J. Nass, if any he had, or has.

"And for further answer herein, if such be necessary, without waiving any of its foregoing pleadings, Causeway Investment Company, relying upon said action of the said F. J. Nass, abandoned their said suit for specific performance against the said F. J. Nass, and sold the property described in said contract, and it is now impossible to convey said property to the said F. J. Nass, all of which the said F. J. Nass had actual and constructive notice; that since the repudiation of said contract by the said F. J. Nass, and after his refusal to perform same as he had contracted and agreed to do, said property had greatly increased in value and it would be inequitable to permit the said F. J. Nass to gamble upon the rise and fall of value of said property and to take advantage of his own wrongful act, and the said F. J. Nass is now estopped to rely upon said contract or to enforce the same, all of which the Causeway Investment Company here and now pleads in defense of any, cause of action of the said F. J. Nass, if any he has.

"And for further answer herein, if such be necessary, and without waiving any of its foregoing pleadings, Causeway Investment Company says that said contract, if any there was, is ultra vires and not within the power of this corporation to make, and not the act of this corporation, and not binding upon it, and the said F. J. Nass had notice thereof, actual and constructive, and that in law he was charged with notice thereof; that said contract is now executed and that the said F. J. Nass is not entitled to any relief thereunder, all of which Causeway Investment Company pleads in defense of any cause· of action which the said F. J. Nass may have.

"And now comes the Causeway Investment Company and for further answer

herein, if such be necessary, and without waiving its foregoing pleadings, and says that more than two years have lapsed since the accrual of F. J. Nass' cause of action, if any he had, and same is now barred by the two years' statutes of limitation, which Causeway Investment Company now pleads; that more than four years have lapsed since the accrual of the cause of action of the said F. J. Nass and same is now barred by the four years' statute of limitation, which is here and now pleaded; that more than ten years have lapsed since the accrual of the cause of action of the said F. J. Nass and same is now barred by the ten years statute of limitation, which is here and now pleaded.

"Wherefore, plaintiff and cross-defendant Causeway Investment Company prays that the cross-action of defendant and cross-plaintiff F. J. Nass be dismissed and that he take nothing, that Causeway Investment Company be dismissed with its costs, and that it have such other and further relief in law or in equity, general or special, which it may be entitled to receive."

The trial of the cause in the court below, the case by agreement of parties having been withdrawn from the jury and the issues of fact as well as of law submitted to the court, resulted in a judgment in favor of appellee for the sum of $1,818.22, with interest thereon from the date of the judgment at the rate of 6 per cent. per annum.

The foregoing résumé of the record, showing the various averments of the pleadings of each of the parties to the suit, discloses that there was swapping of horses in the middle of the stream by each of the parties, but when they reached the shore or portals of this court they are found astride the same steed, since both parties in their respective briefs filed in this court admit that the undisputed evidence shows that the insurance provision contained in the original contract was void and unenforceable because of the failure of appellant to obtain a permit from the state commissioner of insurance to execute contracts of this kind.

This admission relieves us of the necessity of deciding or discussing the proposition presented in appellant's brief based upon the assumed validity of the contract.

The judgment in favor of appellee is only for recovery of the money paid by him to appellant on the contract price of the lots in reliance upon appellant's representation that it was authorized to execute the insurance provision of the contract.

In this state of the record, appellant's assignments and propositions complaining of the judgment on the ground that the trial court erred in not finding appellee's cause of action for rescission of the contract and the recovery of the money paid by him on the illegal contract, barred by the two and four years' statutes of limitation, cannot be sustained.

This claim of appellee was promptly pleaded by him after the attorney employed by him to defend the suit by appellant filed in December, 1917, discovered that appellant was not authorized to make the insurance contract, and has been reasserted in each and all of the pleadings filed by appellee during the long time the cause languished upon the docket of the court.

■ As we interpret the judgment of the trial court, appellee's claim for specific performance of the contract or for damages was denied, and the contract rescinded on the ground that it was ultra vires. The court then proceeded, under well-settled rules of equity, to place the parties in statu quo, by requiring appellant to return to appellee the money received on the illegal contract, with interest thereon. The rule in such cases is thus stated in 66 Corpus Juris, par. 507, p. 840: "On rescission by the purchaser for causes authorizing a rescission he is entitled to a restitution of the purchase money and to interest thereon from the time of payment, even in the absence of a prayer for restoration."

In the case of Trammell v. San Antonio Life Ins. Co. (Tex. Civ. App.) 209 S. W. 786, 789, the court says: "The contract was an executory one, and the rule is thoroughly established that when money has been paid on an illegal contract it can be recovered as long as the contract remains executory. Lewy v. Crawford, 5 Tex. Civ. App. 293, 23 S. W. 1041; McCall v. Whaley, 52 Tex. Civ. App. 646, 115 S. W. 658. Appellant is not seeking to enforce an illegal contract, but he wants the money back obtained from him through a fraudulent and void contract. He seeks to disaffirm and destroy the illegal contract, and have both parties placed in the same position they occupied before the void contract was made. Federal Life Ins. Co. v. Hoskins [Tex. Civ. App.] 185 S. W. 607. If the contract for the policy was illegal, appellee will not be permitted to profit by

it, but will be forced to return the money and leave the parties as they were when the contract was made. The case of Beer v. Landman, 88 Tex. 450, 31 S. W. 805, cited by appellee, is not in point. 'The parties are not in pari delicto, and the contract in that case was executed, and the distinction is made in the case cited between the rules in executed and executory contracts."

 The contract of purchase in the present case was executory, and the rules of limitation announced in the case above quoted from and the cases cited therein are applicable to the facts of the instant case. The same rules of restitution were followed in the case of Evans v. Goggan, 5 Tex. Civ. App. 129, 23 S. W. 854.

It seems to be well settled that if the suit for rescission is begun before the right to rescind becomes barred, the right to restitution upon a judgment of rescission is fully preserved. Thompson v. Lutz (Tex. Civ. App.) 278 S. W. 333; Mason v. Peterson (Tex. Com. App.) 250 S. W. 142.

These conclusions require an affirmance of the judgment, and it has been so ordered.

Affirmed.