### RUTHERFORD et al. v. ALAMO ABSTRACT & TITLE CO. et al.

#### No. 11483.

Court of Civil Appeals of Texas. San Antonio.

Jan. 24, 1945.

Rehearing Denied Feb. 21, 1945.

Temple Calhoun and Randle Taylor, both of San Antonio, for appellants.

John C. Hoyo, of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted in the District Court of Bexar County by Mrs. Elizabeth Rutherford and her husband, R. R. Rutherford, against Alamo Abstract & Title Company, a corporation, and Wm. F. Hanke, Mrs. Eevie Hanke, Glenn Satterfield and A. A. A. Realty Company, a partnership composed of Clarence L. Garner and Sunny Blevins, seeking to recover the sum of $785 held by Alamo Abstract & Title Company as earnest money guaranteeing the performance of a sales contract wherein the Rutherfords agreed to purchase and Wm. F. Hanke agreed to sell a house and lot located in the City of San Antonio and known as 1546 West Magnolia Avenue.

The trial was before the court without the intervention of a jury and resulted in denying the Rutherfords any recovery, but permitting a recovery by certain defendants upon their cross-action. From this judgment the Rutherfords have appealed.

The facts are largely undisputed. On or about January 27, 1944, Elizabeth Rutherford, joined by her husband, entered into a contract with Wm. F. Hanke in which she agreed to purchase the house and lot known as 1546 West Magnolia Avenue for the cash consideration of $7,-850. She agreed to put up the sum of $785 as earnest money. The Alamo Abstract & Title Company signed this agreement, but the reason therefor is not apparent, unless it intended thereby to agree to hold the earnest money pending the completion of the deal. At any rate, the $785 was placed with the Abstract Company and it still has the money in its possession, or did have it until it was tendered into court. The Abstract Company appears in this suit only as a stakeholder. The $785 was out of the separate estate of Mrs. Rutherford. Before the deal was ever consummated Mrs. Rutherford gave notice of her intention to avoid the contract by reason of her coverture and demanded the return of the $785, which was refused, and this suit followed.

It is conceded that the contract was not one for necessities for the wife, or for any other purpose which would make it binding upon her, and was one which she could avoid solely because of her coverture.

The base of the contention here is, who is entitled to the earnest money? Stated in another way, can a married woman who has avoided her contract to purchase real estate solely because of her coverture recover the earnest money in the hands of a stakeholder when such earnest money was originally her separate property? We think she can. The contract here involved provided that: "Upon failure of buyer to comply herewith, seller may, at his option, either enforce specific

performance, or forfeit this earnest money as liquidated damages."

To permit cross-defendants to recover from the stakeholder the earnest money would be to give effect to this provision of the contract. The contract being voidable at the option of the wife, when she elects to set up her coverture and avoid such contract, then and in that event each and every stipulation in the contract becomes unenforceable.

We think the case of Guest v. Cox, Tex.Civ.App., 34 S.W.2d 301, is directly in point. There a married woman agreed to purchase a house and lot and further agreed to pay $1,000 as damages if she failed or refused to close the deal. She did refuse and was sued for the $1,000 agreed damages. The court said: "The contract was wholly executory, and under the authorities it is settled that, by reason of her coverture, the contract was not enforceable against Mrs. Guest."

The fact that in the case at bar the $785 had been placed with a stakeholder does not change the fact that Mrs. Rutherford's agreement to pay damages if she did not go through with the sale was not enforceable as against her.

■ Appellees cite us to the case of Pitts v. Elser, 87 Tex. 347, 28 S.W. 518, and the numerous cases following it, which hold that while a married woman may avoid her contract to purchase real estate she cannot recover any part of the purchase price which has actually been paid to the seller. This case undoubtedly states the law in this State, but the rule there stated cannot be made to apply to money merely placed with a stakeholder as earnest money.

Appellees further call to our attention the fact that the sales contract recited that the $785 was paid to Wm. F. Hanke and receipted for by him, but the evidence shows that the money was actually placed, as earnest money, with the Abstract Company.

The $785 was the property of Mrs. Rutherford, and as neither the seller nor the real estate company has shown itself entitled to claim a forfeiture of this money, it should be returned to its true owner, Mrs. Rutherford.

The judgment of the trial court awarding this money to cross-defendants will be reversed and judgment here rendered directing the clerk of the district court of Bexar County to pay said $785 to Mrs. Elizabeth Rutherford. There is no complaint made as to the judgment in favor of Alamo Abstract & Title Company in the sum of $75, as attorney's fees, and that part of the judgment will be affirmed. All costs of this and the court below will be taxed against Wm. F. Hanke, Mrs. Hanke, Glenn Satterfield and A. A. A. Realty Company.