**Doyle FINE et al., Appellants,**

v.

**Arzena Belle LUTZ et vir, Appellees.**

**No. 15616.**

Court of Civil Appeals of Texas.

Fort Worth.

April 22, 1955.

Rehearing Denied May 20, 1955.

Tilley, Hyder & Law and Elton M. Hyder, Jr., Fort Worth, for appellants.

James E. Whitmore and Horace B. Sessions, Fort Worth, for appellees.

MASSEY, Chief Justice.

From a summary judgment in behalf of a married woman plaintiff to the effect that she was entitled to disaffirm her contract to purchase real estate and to recover the earnest money paid thereon, the defendants appealed.

Judgment reversed and cause remanded for trial on the merits.

On June 25, 1952, Arzena Belle Lutz, a married woman, executed a form of real estate sales contract, whereby she agreed to purchase certain property at a price of $7,150. Her status as a married woman was known to all parties. Pursuant to the contract she agreed to and did deposit the sum of $1,500 with Doyle Fine, agent for the seller Carl Fine, which sum was provided to be applied to the purchase price pursuant to the consummation of the sale after title was cleared and certain renovation and rearrangement of the house on the premises were completed. Further pursuant to the contract she agreed that, *"Should the Purchaser fail to consummate this contract as specified for any reason, except title defects, Seller shall have the right to retain said cash deposits as liquidated damages for the breach of this contract, * * *."* (Emphasis ours.) The seller executed the same contract as such and Doyle Fine executed it as his agent.

On or about date of September 11, 1952, the seller had performed as agreed pursuant to the contract and called upon Mrs. Lutz to consummate the purchase. This she did not do, the reasons being immaterial. On December 27, 1952, Doyle Fine, the seller's agent, sent Mrs. Lutz a registered letter in which he requested that she consummate the purchase and tendered to her a title policy and a general warranty deed to the property. Mrs. Lutz did not comply. There were contentions made by her which are immaterial here as to why she did not consummate the transaction, there being no affirmative showing that she disaffirmed the contract on the ground of coverture. Some time thereafter, though within one year of the date Mrs. Lutz executed the contract, the property was sold to a third party, undoubtedly placing the same beyond the power of conveyance by Carl Fine or Doyle Fine to Mrs. Lutz, though this fact is not conclusively shown.

Thereafter, Mrs. Lutz, joined by her husband, filed suit against Carl Fine and Doyle Fine. Her plea was one of disaffirmance of contract on the ground of coverture and for recovery of the $1,500 paid by her.

We deem it of importance to point out that the record is silent as to whether or not Mrs. Lutz' $1,500 earnest money was converted from that character into "liquidated damages paid" to Carl Fine. She delivered this sum to Doyle Fine, from whom she was entitled to receive it in the event Carl Fine should be unwilling or unable to comply with the contractual provisions obligatory upon him. It was her money, being imbued with the character of "earnest money" or, so long as he retained it partaking of the character of an "escrow". Even had this money been handed over to Carl Fine we perceive no reason for distinguishing it, and are of the opinion that it was Mrs. Lutz' "earnest money" until such time as Carl Fine was entitled to it and took and held it as damages received by him because of a breach of contract to purchase by Mrs. Lutz. However, if there was a breach by Mrs. Lutz entitling Carl Fine to lawfully convert it from its character as "earnest money" belonging to Mrs. Lutz into a character of chose in possession as "liquidated damages received", and if it was so converted in character prior to the disaffirmance of the contract on the ground of coverture by Mrs. Lutz, then such disaffirmance by her would come too late. The proceeding being that of motion for summary judgment, there would be a requirement upon Mrs. Lutz, as the movant, that she indisputably establish the character of the $1,500 as "earnest money" at the time of her disaffirmance of the contract. The record not affirmatively showing that the $1,500 was "earnest money" at the time of disaffirmance, Mrs. Lutz cannot be held to have demonstrated the absence of any issue of fact to be tried.

In the case of Rutherford v. Alamo Abstract & Title Co., Tex.Civ.App., San Antonio, 1945, 185 S.W.2d 498, writ dismissed, a similar situation was before the court, though not in connection with a summary judgment, and it was held that Mrs. Rutherford was entitled to a return of the money deposited as earnest money. However, in that case the sum deposited was still in the hands of the stakeholder at the time suit was brought, so clearly its character

as "earnest money" had not been altered, it having never been reduced to "liquidated damages paid". The court's holding, as we understand it, was that because the contract was executory rather than executed, it was unenforceable against the married woman making it upon her disaffirmance on the ground of coverture, and the money being her own she was entitled to have it redelivered to her.

In the present instance, if Carl Fine had actually lawfully converted the money prior to any disaffirmance, as would have been his right, assuming (as we do upon this appeal) that there had been a character of breach on the part of Mrs. Lutz prior to the disaffirmance, warranting his claim of forfeiture, then we are of the opinion that the situation would be controlled by the case of Pitts v. Elser, 1894, 87 Tex. 347, 28 S.W. 518, and the opinion entered by the Court of Civil Appeals in accordance with the rule of law therein stated, to be found in, 7 Tex. Civ.App. 47, 32 S.W. 146. In the case of Pitts v. Elser, the married woman involved had made a voluntary payment to the seller in part payment for goods purchased but not yet delivered; here the appropriation of the money as damages by Carl Fine was certainly involuntary as to Mrs. Lutz, though pursuant to a contract providing therefor voluntarily made by her. In the respects complained of and sought to be avoided in each case, however, the contracts were executed rather than executory. Under such circumstances, a married woman cannot recover the money simply upon the ground of coverture. See Houston Loan & Investment Co. v. Abernathy, Tex.Com.App.1938, 131 Tex. 601, 117 S.W.2d 1089; 17 T.L.R. 218.

The character of the $1,500 not having been established as "earnest money", and in the respect material, the contract not having been established as executory, summary judgment was erroneously entered.

Additional to the amount of $1,500 awarded to Mrs. Lutz by the summary judgment, she was given the sum of $172.70 to compensate her for a cabinet sink purchased at that price. During the period that the house was being renovated and rearranged, Mrs. Lutz bought this sink and had it delivered to the premises, which at that time she fully intended to acquire pursuant to the consummation of the contract heretofore discussed. The workmen incorporated the sink into a new kitchen being built into the house.

In her suit against the Fines, Mrs. Lutz grounded a claim for the $172.70 upon the contention that the cabinet sink, worth that amount, had been converted by them. She moved for summary judgment, including this amount, which was awarded to her.

We do not believe that the record indisputably establishes that the Fines, or either of them, converted the cabinet sink. This we believe to be the case even though the realty was sold to a third person with the sink attached. See 42 Tex.Jur., p. 506 et seq., "Trover and Conversion". Mrs. Lutz voluntarily furnished the sink and it was at her instance and request that it was installed in the house.

Furthermore, if conversion actually constituted the proper basis for the action, it could not be said that the price Mrs. Lutz paid for the cabinet sink was conclusive of the amount of damages to which she was entitled because of such conversion.

Judgment is reversed and cause remanded for a trial on the merits.