Earl PODOLNICK et al., Petitioners,

v.

Mary Jane HAMILTON, Respondent.

No. A–8029.

Supreme Court of Texas.

July 12, 1961.

Owens & Purser, Austin, for petitioners.

Cofer & Cofer, Austin, for respondent.

CULVER, Justice.

M. W. Hamilton and wife, Mary Jane Hamilton, entered into a contract with Earl

Podolnick and wife and Harold C. Novy for the purchase of certain real estate for a consideration of $21,000 as follows:

> "a. Five Thousand and no/100 Dollars ($5,000.00) cash, which purchasers have deposited with sellers, said sum to be applied on the total consideration of this transaction when consummated; if this transaction is not consummated, said sum shall be delivered in accordance with the terms of this contract.

> "b. The balance in the sum of Sixteen Thousand and no/100 Dollars ($16,000.00) to be paid in cash upon the consummation of this transaction."

The contract also stipulated that "if purchasers default on this contract, the earnest money deposited with sellers shall be forfeited as liquidated damages for such default."

In response to a request from Hamilton that additional time be granted him to pay the balance due under the contract Podolnick by letter allowed an additional seven days to pay the balance in full or forfeit the down payment. On the day before this extension expired Mrs. Hamilton filed this suit seeking to disaffirm the contract and recover the $5,000 on the ground that she was a married woman and that her separate funds were used to make the down payment.

The trial court denied Podolnick's motion for summary judgment and granted that of Mrs. Hamilton. That judgment has been affirmed by a divided court. 337 S.W.2d 376. The Court of Civil Appeals relying on Rutherford et al. v. Alamo Abstract & Title Co. et al., Tex.Civ.App., 185 S.W.2d 498, wr. dism., held that Mrs. Hamilton was entitled on her plea of coverture to rescind the contract and recover her separate funds. We are of the opinion that this ruling is correct, though a decision on this point of law invokes a rather fine distinction, and there seem to be few decisions bearing directly upon the question.

■ A contract for the sale of land is still executory where a deed conveying the property has not been delivered and accepted. McCall v. Whaley, 52 Tex.Civ.App. 646, 115 S.W. 658, no writ history.

■ It is undoubtedly the rule that where a married woman has purchased property and paid part of the purchase price she cannot by rescinding the contract recover back that part of the purchase price which she has paid, though she cannot be compelled to pay what she has promised. Pitts et al. v. Elser, 87 Tex. 347, 28 S.W. 518. Nor can damages be recovered against a married woman over a plea of coverture for her failure and refusal to perform her contract. Guest v. Cox, Tex.Civ.App., 34 S.W.2d 301.

■ On the other hand we think it has been correctly held that where she has contracted to purchase real property and has put up a sum with a stakeholder as earnest money she can disaffirm the contract and on a plea of coverture recover the earnest money from the hands of the stakeholder where the same was her separate property. Rutherford v. Alamo Abstract & Title Co., supra. See also Fine v. Lutz et vir, Tex. Civ.App., 278 S.W.2d 889, wr. ref. n. r. e.

■ Thus it seems clear that if the $5,000 was paid to the sellers and received by them as part of the purchase price the plea of coverture could not be availed of by Mrs. Hamilton to recover the money, but if it constituted merely earnest money since the contract was executory, and she had disaffirmed and plead her coverture she would be entitled to recover. We are of the opinion that the fact that the money was placed in the hands of the sellers rather than to a stakeholder would not alter its character. In our case the money was never applied as part of the purchase price nor had the sellers invoked their right to forfeit the earnest money prior to the time Mrs. Hamilton disaffirmed and gave notice to the sellers of such disaffirmance.

■ The sellers insist that the extension of time granted by them was not supported by a consideration, but we are inclined to the view that whether there was consideration or not is immaterial. Even though the extension granted may have been wholly for the benefit of the purchasers, nevertheless it effectively extended the time within which the purchasers could act and just as effectively extended the time within which Mrs. Hamilton could disaffirm and assert the plea of coverture. So far we agree with the Court of Civil Appeals.

■ In our opinion, however, this was not a case for summary judgment. From the record we cannot say that there was no fact question to be determined. In the first place the sellers pleaded facts supported by affidavit which would work an estoppel against Mrs. Hamilton to plead coverture and assert that the money so used in this transaction was her separate property. It is well settled that a married woman may be estopped if she is guilty of any positive act of fraud or an act of concealment upon which another party acts in reliance to his detriment. Vickery v. Republic National Bank & Trust Co., Tex.Civ.App., 170 S.W. 2d 840, wr. ref.; Speer's Marital Rights, 3rd Ed., § 273, p. 340; Guaranty Bond State Bank v. Kelley, Tex.Com.App., 13 S.W.2d 69.

■ Mrs. Hamilton both in the Court of Civil Appeals and here takes only the position that the estoppel cannot be invoked because there was no showing that defendants suffered any injury or prejudice. We think unquestionably injury is shown by the mere fact that absent plea of coverture and the assertion that the money was Mrs. Hamilton's separate property, the sellers would have been entitled to retain the earnest money. That was a material right possessed by the sellers under the contract. Also this property was necessarily withdrawn from the market by the petitioners pending a consummation of the contract and was eventually sold for a price less than that the Hamiltons agreed to pay.

■ Petitioners urge that estoppel was shown as a matter of law so as to warrant a summary judgment in their favor. With this we do not agree, but we are of the opinion that the facts set out by their affidavit in opposition to the granting of Mrs. Hamilton's motion for summary judgment did raise certain questions of fact so as to require a trial on the merits.

We are also of the opinion that Mrs. Hamilton's affidavit was not sufficient to establish as a matter of law that the funds in question were her separate property since all the testimony on that score came from her as an interested witness and the facts lie peculiarly within her own knowledge. Admittedly the check for this earnest-money deposit was given by Mr. Hamilton drawn on an account designated as "M. W. Hamilton operating account".

For the reasons above assigned the judgments of the courts below must be reversed and the cause remanded for trial on the merits. It is so ordered.