Earl PODOLNICK et al., Appellants,

v.

Mary Jane HAMILTON, Appellee.

No. 10983.

Court of Civil Appeals of Texas.

Austin.

June 13, 1962.

Rehearing Denied July 11, 1962.

Owens & Purser, Austin, for appellants.

Cofer & Cofer, Austin, for appellee.

ARCHER, Chief Justice.

This is the second appeal in a suit involving the same parties and subject matter, and the former action of this Court is found in Podolnick v. Hamilton, 337 S.W.2d 376. The decision of our Supreme Court is found in Podolnick v. Hamilton, Tex., 349 S.W. 2d 715. The history of this litigation is fully set out in the above mentioned cases and we shall be as brief as consistent with an orderly determination of this appeal.

M. W. Hamilton and Mary Jane Hamilton were man and wife during all times pertinent to this suit. On or about November 24, 1958 M. W. Hamilton and M. J. Hamilton entered into a contract with Earl Podolnick et al. for the purchase of certain real estate situated in Austin, Texas for the sum of $21,000.00, to be paid in cash and the sum of $5,000.00 was paid to Earl Podolnick et al., appellants herein, in the form of a check drawn on an Austin Bank on an account designated as "M. W. Hamilton Operating Account." The contract, its terms, as well as a letter giving appellants an additional seven days to complete the transaction, are set out in the former opinions and are not set out again herein.

On March 31, 1959 appellee sued appellants to disaffirm the contract and recover the sum of $5,000.00, alleging as the ground for recovery that she was a married woman at the time of entering into the agreement and that her separate funds were used to make the down payment, deposit or earnest money. The property was later sold by appellants for a lesser sum of money than the price in the contract at issue.

The case was tried before the Court without a jury and judgment was entered for the plaintiff for recovery of the money.

The appeal is founded on four points and are that the Court erred in entering judgment for appellee because the undisputed facts indicate as a matter of law that appellee was estopped to assert coverture and that the funds in question were not the separate property of appellee; in holding that a married woman can recover money paid by her husband under a contract of purchase and sale on the sole ground that it was her separate property, and that the undisputed facts and pleadings indicate as a matter of law that M. W. Hamilton was acting as agent for M. J. Hamilton and had the apparent authority to deal with appellants and appellee is bound by the acts of M. W. Hamilton.

The facts in this case are not in dispute as regards the defense of estoppel contended for by appellants. Appellants take the position that they were entitled to judgment, even presuming that the funds in question were the separate property of appellee.

While negotiation leading to the execution of the contract was being made appellee did not state or suggest that the funds involved therein were her separate property. The contract was made by M. W. Hamilton and wife, M. J. Hamilton, as purchasers, and the property was to be conveyed to the purchasers and the consideration was to be paid by the purchasers.

Earl Podolnick, who handled the sale on behalf of the sellers, testified that the matter was handled as an ordinary business transaction.

As above stated, the subject matter of this litigation has been before this Court and the Supreme Court in the cases cited.

The appellee, Mrs. M. H. Hamilton, had transferred from a bank in New York to her account in the Austin National Bank large sums of money, one transfer was made

on November 26, 1958 for $53,429.08. On November 28, 1958 the exact sum of $53,429.08 was deposited to the credit of M. W. Hamilton Operating Account. Prior thereto and subsequently, other deposits were made by Mary Jane Brickman and by M. J. Hamilton in various amounts to the M. W. Hamilton Operating Account in the Austin National Bank and appellee was not authorized to draw checks against the account.

We believe that under the facts in this case and as a matter of law that the Court erred in entering judgment for appellee because of the pleadings and the facts testified thereto.

Our Supreme Court in its decision in this case, 349 S.W.2d 715, held as follows:

"In our opinion, however, this was not a case for summary judgment. From the record we cannot say that there was no fact question to be determined. In the first place the sellers pleaded facts supported by affidavit which would work an estoppel against Mrs. Hamilton to plead coverture and assert that the money so used in this transaction was her separate property. It is well settled that a married woman may be estopped if she is guilty of any positive act of fraud or an act of concealment upon which another party acts in reliance to his detriment. * * *

Mrs. Hamilton both in the Court of Civil Appeals and here takes only the position that the estoppel cannot be invoked because there was no showing that defendants suffered any injury or prejudice. We think unquestionably injury is shown by the mere fact that absent plea of coverture and the assertion that the money was Mrs. Hamilton's separate property, the sellers would have been entitled to retain the earnest money. That was a material right possessed by the sellers under the contract. Also this property was necessarily withdrawn from the market by the petitioners pending a consummation of the contract and was eventually sold for a price less than that the Hamiltons agreed to pay."

■ A married woman may be estopped. 23 Tex.Jur. 310, 311, Husband and Wife, Secs. 270 et seq. In Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, the elements of estoppel are set out.

■ There can be no serious question but that M. J. Hamilton was guilty of positive acts of concealment, which acts were intended to cause the appellants to alter their position or condition and she is bound thereby. Brown et ux. v. Federal Land Bank of Houston et al., Tex.Civ.App., 180 S.W.2d 647, error ref.

In Vickery v. Republic Nat. Bank & Trust Co., Tex.Civ.App., 170 S.W.2d 840, error ref., the Court held, citing 30 C.J. pp. 830, 831; 41 C.J.S. Husband and Wife § 267, p. 747, that:

"By permitting her husband to hold title to or deal with her separate property as his own, or in any manner holding out to the world that he is the owner thereto, the wife will be estopped to claim it as against persons purchasing from the husband in good faith or extending credit to him in reliance upon his apparent ownership, * * *."

■ All property of a husband and wife, in Texas, is presumed to be community property until proven otherwise.

■ The first business dealings between Mary Jane Brickman and M. W. Hamilton was on May 16, 1958, when Mrs. Brickman turned $10,000.00 over to Mr. Hamilton to invest for her in Hamco stock, which he did not do. The "M. W. Hamilton Operating Account" was obviously opened over six months previous to the marriage of the couple on October 18, 1958. Appellee alleged and testified in another suit filed on March 3, 1959, in attempting to recover an aggregate sum of $137,963.98, that she had lent to M. W. Hamilton a similar amount

in several installments, some of which were represented by notes executed by M. W. Hamilton and payable to appellee. It is therefore apparent that appellee believed that she had lent the various sums aggregating the amount sued for, of which the item of $5,000.00 was a part, to M. W. Hamilton, which went into the M. W. Hamilton Operating Account and which Mrs. Hamilton testified that she expected M. W. Hamilton to repay to her.

We therefore believe that the money loaned to M. W. Hamilton by appellee became community property.

This Court had this issue before it in Mary Jane Hamilton v. Charles Maund Oldsmobile-Cadillac Company, 347 S.W.2d 944, error ref., N.R.E.; Levy v. Williams et al., 20 Tex.Civ.App. 651, 50 S.W. 528, error ref.; Barrington v. Barrington, Tex. Civ.App., 290 S.W.2d 297, no writ history.

In the case of Stanley v. Stanley, Tex. Civ.App., 294 S.W.2d 132, error ref., N.R. E., it is held that:

"The fact that at the time of the marriage one spouse had much property and the other had nothing and that during the marriage relation the parties decreased in fortune, will not rebut the presumptions herein mentioned, * *."

In Pitts et al. v. Elser, 87 Tex. 347, 28 S.W. 518, the Court held:

" * * * under the facts stated, a married woman cannot, solely on account of her coverture, recover the payment made. Where money is voluntarily paid, with full knowledge of all the facts, it cannot be recovered, although it may have been paid upon a void demand, or upon a claim which had no foundation in fact."

The appellee takes the position that reliance upon estoppel is precluded by a judicial admission of appellants' attorney by his testimony at the trial, that appellee was not guilty of any act of fraud or act of concealment, and that the evidence supports the implied findings of the Trial Court that appellee was not guilty of any positive act of fraud or concealment, and that the $5,-000.00 deposit was appellee's separate property.

Mr. Owens who did not participate in the trial of this case, but his firm handled the transaction, testified that large sums of money were transferred from New York banks or brokers to the M. W. Hamilton Operating Account and that the money for the Podolnick transaction came out of this account. The witness further testified that Mrs. Hamilton did not conceal anything and that he did not know of any act of fraud on the part of appellee against Earl Podolnick.

We do not believe that the testimony of Mr. Owens was made under the circumsances and conditions as to be imputable to the appellants, as having been acquired during the relationship of attorney and client, and while acting within the scope of his employment.

The witness testified that he was told where the money came from by M. W. Hamilton who said he received it from Mary Jane Hamilton in many instances and in small to large amounts and used in several other transactions; that Mrs. Hamilton did not conceal anything from the witness, and did not know of any fraud committed by Mrs. Hamilton against the witness.

We have hereinabove given consideration to the question of estoppel in this case and we believe that the appellee is estopped to assert an action for the recovery of the $5,000.00 item by her acts in turning the money over to M. W. Hamilton, the execution of the contract in question, and by the institution of suits to recover money alleged to be due and owing her by M. W. Hamilton, or for money lent.

The judgment is reversed and judgment is here rendered that appellee take nothing.

Reversed and rendered.