FARM & HOME SAVINGS & LOAN ASSOCIATION OF MISSOURI (R. E. STEVENSON, RECEIVER) V. MOLLIE D. ABERNATHY ET VIR.

No. 6772.   Decided March 17, 1937.
Rehearing overruled April 28, 1937; Judgment corrected May 12, 1937.
(102 S. W., 2d Series, 410; 104 S. W., 2d Series, 1111.)

*Dan Moody,* of Austin, *Woodruff & Holloway,* of Brownwood, for plaintiff in error.

Under the Act of 1913 (Article 4614, R. S. 1925) a married woman was granted, by necessary implication, the power to make such contracts as may be incident to the protection and preservation of, or for the benefit of, her separate estate, and since the note sued on in the case at bar was executed by Mrs. Abernathy for money borrowed to pay off the judgment lien upon her separate property in which she had a substantial equity and to prevent a sale thereunder, it constituted a contract made for the benefit and preservation of her separate estate, and she is personally liable for its payment. Whitney Hdw. Co. v. McMahan, 111 Texas 242, 231 S. W. 694; Gohlman Lester Co. v. Whittle, 114 Texas 584, 273 S. W. 808; Cauble v. Beaver-Electra Refining Co., 115 Texas 1, 274 S. W. 120; Speer's Law of Marital Rights in Texas, p. 238, Sec. 179.

*Vickers & Campbell,* of Lubbock, for defendants in error.

The wife is not personally liable for money borrowed to make investments or for the balance of purchase money due on property purchased. Only the mortgaged property pledged to pay such money can be seized and sold. Mills v. Frost Bank, 208 S. W. 698 (writ refused); Hadad v. Ellison, 283 S. W. 193; Boggs v. Farmers Fund, 37 S. W. (2d) 206.

Mr. Judge German delivered the opinion of the Commission of Appeals, Section A.

On April 14, 1921, W. C. Jackson executed a deed to M. G. Abernathy, conveying certain real estate in the City of Breckenridge. Of the consideration $15,000.00 was paid in cash, and a note for $15,000.00, with vendor's lien retained, was executed by Abernathy to Jackson. This note with the lien was assigned to the United Home Builders of America, and deed of trust was later executed by Abernathy and wife, Mollie D. Abernathy, upon the property mentioned for further securing the note. The cash consideration at the time of the execution of the deed and all subsequent payments upon the note were paid out of the separate means of Mrs. Abernathy. The unpaid portion of the note was to be paid by her, and the land was to be her separate property. On May 21, 1921, M. G. Abernathy executed a deed to Mrs. Abernathy reciting that the consideration paid therefor was out of her separate funds.

On March 23, 1927, the receiver of the United Home Builders of America recovered a judgment against M. G. Abernathy for the sum of $8,234.93, as the balance upon the purchase

money note above mentioned, and a judgment against M. G. Abernathy and Mrs. Abernathy foreclosing the deed of trust lien against the property mentioned. There was no personal judgment against Mrs. Abernathy. In order to prevent a sale of the property under order of sale by virtue of the foreclosure judgment, Mrs. Abernathy made application to the Farm & Home Savings & Loan Association of Missouri for a loan of $8,000.00, the same to be paid out of her separate funds and estate, and no community funds were to be paid on said note. The loan was made to Mrs. Abernathy, and she executed note and deed of trust upon the property mentioned, said M. G. Abernathy "joining his wife in the note and deed of trust as a formal requirement to make them legal under the law." The $8,000.00 thus obtained by Mrs. Abernathy was used by her in paying off the judgment previously obtained by the receiver of the United Home Builders of America, which judgment appears to have been satisfied, and no order of sale was issued.

In March, 1931, Mrs. Abernathy made default in payment of the note for $8,000.00, and the Farm & Home Savings & Loan Association of Missouri exercised the power of sale under the deed of trust, sold the property by trustee, and became the purchaser thereof for the sum of $5,000.00, which was credited upon the note for $8,000.00. There remained a balance due on the note of $1,824.94, which with interest and attorney's fees amounted to $2,196.63. This suit was instituted in the district court of Lubbock County by R. E. Stevenson, receiver for the Farm & Home Savings & Loan Association of Missouri, and was for the purpose of recovering against Mrs. Abernathy and M. G. Abernathy a personal judgment for the balance due upon the note. Later the Farm & Home Savings & Loan Association of Missouri was by order of the court substituted as plaintiff instead of the receiver. Judgment of the trial court was in favor of the defendants, and this judgment was affirmed by the Court of Civil Appeals. Stevenson v. Abernathy, 69 S. W. (2d) 850.

The principal question for decision is whether or not Mrs. Abernathy is personally bound upon this obligation. The Court of Civil Appeals held that she was not liable under the well settled rule in this State that a married woman can not make an enforceable contract creating personal liability for purchase money for real estate. On the other hand, plaintiff in error contends that as a married woman is given power to contract in behalf of and for the preservation and benefit of her separate estate, and as Mrs. Abernathy had an equity in this property at the time it was about to be sold in satisfaction of

the judgment lien, this contract was in reality a contract made in behalf of her separate estate and for its preservation, and was enforceable against her personally.

1  The precise question has not been decided in this State so far as we have been able to determine; but in principle it has been settled. As above indicated, and as was held by the Court of Civil Appeals, it is definitely settled that a married woman can not contract so as to make herself personally liable for purchase money, as such, for real estate. On the other hand, it is settled by numerous authorities that a married woman may borrow money and make herself personally liable for its payment for the purpose of relieving her separate estate from liens, or to protect and preserve it from the enforcement of a lien. The case of Blair v. Teel, 152 S. W. 878, in which writ of error was refused, is precisely in point on that. point. There Mrs. Blair, while a feme sole, had created a mortgage lien against her property. Later she married, and in order to save the property from a foreclosure of the previous mortgage lien, she borrowed money from Teel, which was used in satisfying the prior debt and releasing the mortgage lien. She was held personally liable for the money borrowed. The cases of Scott v. Collier, (Ind. App.) 77 N. E. 666; Daniel v. Royce, 96 Ga. 566, 23 S. E. 493; McVey v. Cantrell, 70 N. Y. 295, 26 Am. Rep. 605, and Husband v. Epling, 81 Ill. 172, 25 Am. Rep. 273, are cases closely in point. The rule is stated arguendo in the case of Cupp v. Campbell, by the Supreme Court of Indiana, 103 Ind. 213, 2 N. E. 565, in the following very apt language:

"Where her estate is incumbered in such manner as that she is exposed to the hazards of losing it, even though such incumbrance is for the debt of another, it is manifestly beneficial that she should have the power to relieve it from the peril of such incumbrance; and where she and her husband contract a loan for that purpose, it can not be said that the consideration for such loan does not inure to her benefit."

The case of Daniel v. Royce, supra, approaches very closely in principle the present case. There the husband made conveyance of certain land to his wife, reciting that it was subject to a deed or mortgage to a third person to secure payment of money loaned to him. Afterwards the wife borrowed money to pay off the debt previously created by her husband, and which constituted a lien against the property conveyed to her as her separate estate. She was held personally liable for the debt thus created, the court saying:

"A note given by a married woman, the consideration of which, pure and simple, is a debt due by her husband, is certainly void. But it by no means follows that she may not bind herself by a note given by her for a loan of money with which to pay off an incumbrance on her own property, although this incumbrance may have been created by the husband himself before she became the owner. In such a case it makes no difference at all that the lender knew the purpose for which the money was borrowed. The policy of the law is to forbid the wife from making herself in any manner liable for the husband's debt as such; but there is no good reason why a wife, when she becomes the owner of property formerly belonging to the husband, may not use her own means, or borrow money, for the purpose of relieving the property of a lien, of the existence of which she fully knew when she accepted the husband's conveyance. In such a case she does not discharge the lien because it represents the husband's debt, and the consideration which moves her is not a purpose to relieve him from the indebtedness, but to free her own property from an existing incumbrance."

In the present case a very significant fact is that when the original purchase money debt was foreclosed no personal judgment was taken against Mrs. Abernathy. The previous contract by her husband, which was for her benefit, was then completely discharged so far as being a personal obligation against her was concerned. The debt reduced to a judgment was against her husband only. So far as she was concerned, nothing existed but a lien which could be satisfied by a sale of the property under order of sale. No contract for payment of purchase money any longer existed so far as she was concerned. At the time of this foreclosure she had paid some $22,000.00 on the property and the foreclosure was for the sum of $8,234.93. She must have had a substantial equity in same. In any event, it is obvious that her purpose in borrowing the $8,000.00 from plaintiff in error was not primarily to pay purchase money as such, but was for the purpose of preserving and benefiting her separate estate. Indeed it is expressly agreed that "in order to secure the money to pay off such judgment, and to prevent a sale of said property thereunder," Mrs. Abernathy procured the loan. After the foreclosure the obligation for purchase money was merged into a judgment, and in principle we can see no difference between this judgment lien and any other lien to which the property might have been subjected, so far as Mrs. Abernathy's power to contract for its satisfaction and release was concerned.

No one could question her right to borrow money and become personally liable for its payment in order to satisfy a mortgage lien created by her husband prior to conveyance of the property to her. In principle that is exactly what occurred in this instance.

We are therefore of the opinion that plaintiff in error was entitled to a personal judgment against Mrs. Abernathy.

2 The next question concerns the personal liability of M. G. Abernathy. We are of the opinion that this question is determined by the peculiar facts of the case. In the absence of the special agreement between the borrower and lender, M. G. Abernathy might have been personally liable. See 23 Tex. Jur., page 209. We do not find it necessary, however, to so hold, or to discuss the statutes bearing upon this point. This case was tried upon an agreed statement of facts. We find the following agreement with reference to the $8,000.00 note: "Said note was to be paid by said Mollie D. Abernathy out of her separate funds and estate, and no community funds were to be paid on said note." It was further agreed as follows: "Said M. G. Abernathy joining his wife in the note and deed of trust as a formal requirement to make them legal under the law." We recognize the rule that no secret agreement between the husband and wife in a matter of this kind could change the legal effect of the note so far as the payee was concerned. However, as we construe the above statements they go much further and show that there was a special agreement between the lender and Mrs. Abernathy that this note was to be paid by her from her separate estate and no part of community funds was to be used in paying the note. We further construe the agreement to mean that M. G. Abernathy joined pro forma so as to meet the requirements of Article 4621 of the Revised Statutes of 1925, but did not join in the execution of the note and contract as a comaker or joint obligor. The note was still in the hands of the original lender, and it prosecuted this suit. No question of the rights of third parties is involved. If plaintiff in error was willing to make an agreement to look to Mrs. Abernathy and her separate estate alone for payment we see no reason why it should not be held to abide by that agreement. We therefore hold that by virtue of this special agreement, as between the original parties, plaintiff in error was not entitled to recover against M. G. Abernathy personally.

The judgments of the trial court and of the Court of Civil Appeals as to M. G. Abernathy are affirmed; but these judgments as to Mollie D. Abernathy are reversed, and judgment is here rendered against her in favor of plaintiff in error.

Plaintiff in error should pay one half of the costs of appeal in both the Court of Civil Appeals and in this Court, and Mollie D. Abernathy should pay the other one half.

Opinion adopted by the Supreme Court March 17, 1937.

Rehearing overruled April 28, 1937.

### CORRECTION OF JUDGMENT.

On its own motion the Court makes the following correction in its previous judgment:

The judgment heretofore entered in this cause is set aside. In lieu thereof the judgment of the Court of Civil Appeals and of the district court are reversed and the cause is remanded, with instructions that the district court enter judgment in favor of M. G. Abernathy, and in favor of plaintiff in error Farm & Home Savings & Loan Association of Missouri against Mollie D. Abernathy for the amount of indebtedness which the court may find to be due and unpaid, together with interest and attorney's fees, with foreclosure of such attachment lien as the court may find legally exists.

Plaintiff in error shall pay one half of the costs of appeal in both the Court of Civil Appeals and in this Court, and Mollie D. Abernathy shall pay the other one half.

Opinion adopted by the Supreme Court May 12, 1937.