HOUSTON LOAN & INVESTMENT COMPANY v. CORA M. ABERNATHY ET VIR.

No. 7098.   Decided June 22, 1938.
(117 S. W., 2d Series, 1089.)

*John T. Garrison* and *C. E. Coolidge*, both of Houston, for appellant.

*W. P. Neblett*, of Houston, for appellee.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This case is before us on certificate from the Honorable Court of Civil Appeals at Galveston. That court rendered its original opinion and also its opinion on motion for rehearing and then concluded to certify the case to the Supreme Court. The certificate refers to the opinions, and from those opinions and the certificate we gather the following material facts:

On March 29, 1930, appellant conveyed by general warranty deed to Mrs. Cora M. Abernathy a certain lot upon which was situated an apartment house. The consideration for the conveyance was $5,000.00 cash paid by Mrs. Abernathy out of her own separate funds, and the execution by her and her husband of a note for the principal sum of $8,250.00, due five years from date. As a part of the same transaction Mrs. Abernathy, joined pro forma by her husband, executed a deed of trust upon the property to further secure the payment of the note. It was understood by all of the parties that Mr. Abernathy executed the note pro forma, and that no personal liability was incurred by him in its execution. The Abernathys occupied one of the apartments for a time and rented one of them for $70.00 per month. In July, 1933, Mrs. Abernathy, joined by her husband, sold and conveyed the property to W. B. Whittle, (or to Whittle and Kavanaugh), the consideration for such conveyance being 500 shares of oil stock (not otherwise identified in the opinion or certificate). In the original opinion it was stated that the purchaser assumed and agreed to pay the note owing to appel-

lant as a part of the consideration of the conveyance, but in the opinion on motion for rehearing that statement was withdrawn. During the time Mrs. Abernathy owned the property she paid all taxes accruing on it and the interest due on the note. After the conveyance to Whittle, (or Whittle and Kavanaugh), default was made in payments on the note and appellant thereafter had the property sold under the powers contained in the deed of trust. It became the purchaser at the sale for $1,000.00, which amount it credited upon the note. Thereafter it instituted this proceeding, which is a suit on the note against Mrs. Abernathy for an alleged balance of $7,635.00 due thereon, besides interest, certain unpaid taxes and attorney's fees. Mr. Abernathy was joined in the suit, but no personal judgment was sought against him. As a defense to the cause of action asserted Mrs. Abernathy pleaded her coverture. In reply to this plea the appellant alleged the receipt by Mrs. Abernathy of the rents on one of the apartments, the value of the use of the other apartment by her and her husband, and the receipt by her of the oil stock, and pleaded that, since she had not tendered these values, she was estopped to set up the defense of coverture. The trial court sustained the plea of coverture as a defense and entered judgment that appellant take nothing. On appeal the Court of Civil Appeals on original hearing reversed the trial court's judgment and remanded the cause for a determination of the equities. On rehearing appellant contended that judgment should have been rendered by the Court of Civil Appeals in its favor for the full amount sued for, on the ground that Mrs. Abernathy was estopped by her actions from pleading coverture. After considering the motion that court certified the following question:

"Did this court err in not so rendering judgment in appellant's favor for the balance now found to be due on the note it sued upon?"

1 The question does not in terms call upon us to determine what judgment should be rendered by the Court of Civil Appeals, but we must determine that question in order to answer the one certified. No personal liability was incurred by Mrs. Abernathy in the execution of this note. It was given for part of the purchase price of real estate bought by her as an investment and, as was stated in a recent opinion by this Court: " * * * It is definitely settled that a married woman cannot contract so as to make herself personally liable for purchase money as such for real estate." Farm & Home Savings & Loan Assn. of Missouri v. Abernathy, 129 Texas 379, 102 S. W. (2d) 410. No affirmative act of disaffirmance on the part of Mrs.

Abernathy was required, but she had the legal right to interpose the plea of coverture when sued upon the obligation.

**2** But it is claimed that Mrs. Abernathy is estopped to assert her legal right to plead coverture. If so, her acts or conduct must have been such that it would be contrary to equity and good conscience to permit her to stand upon her legal rights. This leads to the inquiry, What wrong has she done? When appellant conveyed the property to her it was charged with knowledge of the legal rights of both parties resulting therefrom. Its legal rights were to retain as its own the cash consideration of $5,-000.00 paid it by her and to enforce collection of the note for $8,250.00, provided the property would bring that amount under forced sale. It acquired no right to obtain a personal judgment against her on the note. It was satisfied to convey the property for these considerations. When the conveyance was made to her, Mrs. Abernathy became the owner of the property clothed with the incidents of ownership. Among those incidents were the right of possession and use, the right to lease, and the right to sell the property, subject, of course, to appellant's lien. By using one of the apartments, leasing another and selling her equity she was but doing that which she had a legal right to do. Those acts were not wrongful and could not form the basis of an estoppel.

Appellant seems to regard this case as if appellee were retaining property which she received from it by virtue of the note. Its theory seems to be that it is entitled to certain property or values which she is wrongfully withholding from it. We are not in accord with that theory. Appellee is withholding nothing to which appellant can make claim. The cash payment of $5,000.00 was received and appropriated by appellant, and appellee has no right to recover it back. Pitts v. Elser, 87 Texas 347, 28 S. W. 518. The property with which it parted has been reconveyed to it. There is no claim of damages for tort on account of any improper use or destruction of the security. In fact, appellant has received everything to which it was entitled under its contract, and no wrong, legal or equitable, has been done it. The benefits which flowed to appellee while she was the owner of the property became hers as owner and appellant is entitled to no portion of them. The cash payment of $5,000.00 was regarded by the parties as ample consideration for these benefits. Appellant has not been damaged. It has enforced all its legal rights and there are no equities to adjust.

The trial court entered the proper judgment and the question certified is accordingly answered in the negative.

Opinion adopted by the Supreme Court June 22, 1938.