## ELLIS v. EDEN–BIRCH LUMBER CO. et al.

### No. 5593.

Court of Civil Appeals of Texas. Amarillo. Feb. 21, 1944.

Rehearing Denied March 27, 1944.

V. A. Collins, of Livingston, for appellant.

Martin M. Feagin, of Livingston, for appellee Eden-Birch Lumber Co.

Ernest A. Coker, of Livingston, for appellees Alice Sherman and others.

HEARE, Justice.

Appellant, Lizzie Ellis, sued appellee, Eden-Birch Lumber Company, in trespass to try title seeking title to, and possession of, an undivided 7/24 interest in a 112-acre tract of land in Polk County. She pleaded generally, as a basis for her title, both the five and ten-year statutes of limitation. She also sought to recover from this appellee the value of 100,000 feet of timber which she alleged it had wrongfully cut and removed from the premises. The appellee, Eden-Birch Lumber Company, which will be hereinafter referred to as Lumber Company, disclaimed any interest in the land but interposed a plea of not guilty concerning 69,802 feet of pine and 4,854 feet of hardwood which it admitted it had cut and removed from the land, claiming a right to do so by virtue

of having purchased the same from the asserted owners thereof, namely, Edwin Reed, Clifton Reed, Coy Reed, Richard Reed, Percy Reed, Vernon Reed, and Susie Reed Caudell. The Lumber Company also pleaded, among other defenses, that there exists a deed of record in Polk County executed by the appellant, showing that she had conveyed to Alice Sherman the same property for which she now sues, and also alleging that the grantee, Alice Sherman, is actively claiming title to the property in question by virtue of this conveyance.

Appellee, Alice Sherman, joined by her husband, Claude Sherman, intervened in the suit and asserted title to the subject matter of the suit, pleading generally in trespass to try title against the appellant and the Lumber Company as to the interest in the land and seeking judgment against the Lumber Company for the value of the timber which it had cut and removed from the land. This action against the Lumber Company was later abandoned by appellee Sherman.

Appellant replied to both appellees, alleging that if she did convey the land in question to Mrs. Sherman, at the time of the execution of the deed Mrs. Sherman was under coverture and, without being joined by her husband, executed a vendor's lien note in the amount of $45, payable in monthly instalments of $5 each, as consideration for the deed; that because of intervenor's coverture the note was void and unenforcible and therefore the deed was a nullity and passed no title. Appellant pleaded further, stating that she had no intention of terminating the contract and declaring the same a nullity, but that intervenor, after paying two instalments on the note, informed appellant that she (the intervenor) had no intention of fulfilling the remainder of her obligation and abandoned the contract, refusing to pay the balance of the note; that intervenor later discovered timber had been cut from the land and saw a possibility of recovering an amount in excess of the balance of the note, whereupon she made futile attempts to pay the balance of this note. By way of reply to appellant's answer, the intervenor alleged that she was never in default on the note but had timely tendered the purchase money to appellant who had refused to accept it, and intervenor alleged that she stood ready and willing to pay the balance of the full purchase price into court.

Trial was before the court without a jury. Judgment was rendered (1) in favor of appellant for the land in question against the appellee Lumber Company on its disclaimer; (2) in favor of appellee Lumber Company and against appellant for the value of the timber in question; and (3) in favor of the intervenor, Alice Sherman, against the appellant for an undivided 5/24 interest in the land in question, this interest burdened with a lien in favor of appellant for $35 of unpaid purchase money. Foreclosure of this lien was granted to appellant.

Appellant perfected an appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District at Beaumont and, by order of the Supreme Court, the cause has been transferred to this court for determination.

The record discloses that the warranty deed from appellant to Mrs. Alice Sherman, purporting to convey to Mrs. Sherman the interest to the tract of land in question, was dated January 17, 1942. It recited a consideration of $50, of which $5 was paid in cash, and a vendor's lien note was given for the balance, the terms of the note not being set out in the deed. The note in question was put in evidence and it showed that it was payable $5 per month, commencing February 17, 1942, and provided that, at the election of the holder, a failure to pay any instalment matured the note. The note was signed by Mrs. Sherman alone.

Appellant seeks a reversal of the judgment under the contention that she proved perfect title in herself and that appellees failed to prove title in themselves, or a superior outstanding title, and, therefore, it was the duty of the trial court to render judgment in appellant's favor for the land and the market value of the timber cut therefrom.

Three questions are involved in this appeal. First, was the deed from appellant to Mrs. Alice Sherman void because the vendor's lien note given for part of the purchase money was signed only by Mrs. Sherman, without the joinder of her husband? Secondly, did appellee, Mrs. Sherman, make default in the payment of the vendor's lien note, thereby giving appellant the right to rescind the executory contract of sale evidenced by the deed and note? Third, it appearing that some of the instalments of the note had not been paid at the time of the trial, was it neces-

sary for appellee, Alice Sherman, to plead and prove a waiver on the part of appellant as a legal excuse from strict performance in order to prevent rescission of the contract by appellant.

■ The rule is now well settled in Texas that the executory contract of a married woman, such as that involved in this case, is not void, but is only voidable at the option of the married woman. The plea of coverture on the part of appellee, Alice Sherman, was one of personal privilege, available only to her at her option. As stated by Justice Brown in the case of Pitts v. Elser, 87 Tex. 347, 28 S.W. 518:

" * * * If she contract to buy on a credit, and execute a note for the price, she may or not, as she may elect, proceed with the contract, and the person contracting with her cannot refuse to carry out the agreement because she is a married woman."

■ One who contracts with a married woman, he himself being under no disability, cannot avoid his own responsibilities because of her coverture. Crutcher v. Sligar, Tex.Civ.App., 224 S.W. 227, error refused.

"The principle is that, like all other voidable contracts, the one in whose favor dissolving vice exists may waive it, in which event the other cannot complain for he has his bargain." Speer's Law of Marital Rights in Texas, Third Edition, Section 217.

■ Although Mrs. Sherman was not personally liable for the balance of the purchase money, yet the failure of her husband to join in the execution of the purchase-money note did not invalidate the vendor's lien. Leake v. Saunders, 126 Tex. 69, 84 S.W.2d 993; Baxter v. Baxter, Tex.Civ.App., 225 S.W. 204; Houston Loan & Investment Co. v. Abernathy, 131 Tex. 601, 117 S.W.2d 1089.

It follows, therefore, that the deed was binding on appellant and was sufficient to prove the divestment of title from appellant into appellee, Mrs. Sherman, conditioned on the compliance by the grantee with the terms of the purchase.

■ In passing upon the second question involved in this appeal we find the testimony concerning the alleged default in payment to be sharply conflicting. Mrs. Sherman testified that she made the first two payments on the note and before the third payment was due tendered full payment of the balance of the note to appellant who refused to receive it, giving as an excuse that she (appellant) wanted to get the timber question straightened up; that thereafter she mailed appellant checks for the instalment payments but these checks were returned by appellant. Appellant admitted receiving and returning the checks but denied that they were tendered in time and denied that Mrs. Sherman had tendered her full payment of the note before any payment became past due. The trial court rendered judgment for appellee. The trial was before the court without a jury and no specific findings were made by the trial court and none were requested. It will be presumed that the trial court resolved the issue in favor of appellee. Since there is testimony to support such action, it will not be disturbed on appeal. It will be presumed that the trial court found that appellee Sherman was never in legal default in the performance of her obligations to appellant. Park Presbyterian Church of Italy v. William Cameron & Co., Tex.Com.App., 58 S.W.2d 63; Allison v. Groppenbacher, Tex.Civ.App., 142 S.W.2d 528, error refused.

■ Appellant contends that because the superior title remained in her by virtue of the vendor's lien retained in her deed to appellee Sherman, the appellee could not prove her own equitable title under ordinary trespass to try title pleadings. The authorities are to the contrary. Joyner v. Christian, 131 Tex. 274, 113 S.W.2d 1229; Franklin v. Smith, Tex.Civ.App., 265 S.W. 715, error refused; Texas Creosoting Co. v. Hartburg Lumber Co., Tex.Com.App., 16 S.W.2d 255; Rodriguez v. Vallejo, Tex.Civ. App., 157 S.W.2d 172.

■ Appellees having proved divestment of at least equitable title from appellant to appellee Sherman, and it being presumed that the trial court determined that there had been no default by the purchaser under the terms of the contract of purchase, it was unnecessary for appellees either to plead or to prove any waiver on the part of appellant.

We find no reversible error in this case. The judgment is affirmed.