We find no error in the court's action in overruling the same.

■ The alleged newly discovered evidence would have only tended to impeach the testimony of the injured party with reference to his identification of the stolen property and was not such as to warrant the granting of a new trial. Cooper v. State, 103 Tex.Cr.R. 226, 280 S.W. 597, and Jones v. State, 133 Tex.Cr.R. 322, 110 S.W.2d 571.

■ The jury misconduct alleged in the motion for new trial was that the jury during their deliberation discussed the appellant's failure to testify. The motion was not supported by the affidavit of any juror or other person in a position to know the facts. Such a motion has been held insufficient, hence the court did not err in overruling the same. See Clifton v. State, Tex.Cr.App., 339 S.W.2d 902 and cases therein cited.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

Leona C. CARTER, Appellant,

v.

Chester C. GRABEEL et al., Appellees.

No. 6998.

Court of Civil Appeals of Texas.
Amarillo.

Nov. 21, 1960.

Rehearing Denied Dec. 27, 1960.

Allen & Allen, Perryton, for appellant.

Archer & Brownlee, Perryton, for appellees.

DENTON, Chief Justice.

This is a suit by Leona C. Carter, appellant, against Chester C. Grabeel and husband, Ray Grabeel, appellees, in the nature of trespass to try title. Mrs. Carter is the widow of C. C. Carter, deceased, and Mrs. Grabeel is the daughter of Mr. Carter by a previous marriage. G. C. Carter, who is the son of Leona and C. C. Carter, is not a party to this suit. The two named children and Mrs. Carter are the only surviving heirs of C. C. Carter who died intestate on January 4, 1959. Leona and C. C. Carter were married in October, 1928, more than two years prior to the acquisition of the land in question.

The land in controversy, a quarter section located in Ochiltree County, Texas, was acquired on December 30, 1930, by Leona Carter by deed from Farmer's National Bank of Cherokee, Oklahoma. The total consideration paid for the land was $5,600, with $4,096 being paid in cash, and the assumption by Leona Carter of three vendor's lien notes each in the amount of $501.33. The trial court found, and all parties agree, that the cash down payment of $4,096 was the separate property of Leona Carter. It is to be noted that the deed did not recite that the money paid was from the separate estate of Mrs. Carter nor did the deed indicate whether the property was to be considered separate or community property. No new vendor's lien notes were executed. Mrs. Carter, the grantee, merely assumed the three notes described above. It is further undisputed that the unpaid balance was later paid from the community estate of Leona and C. C. Carter.

After the close of the testimony, the trial court took the case from the jury and rendered judgment to the effect that 40.-96/56th of the land was the separate property of Leona Carter and 15.04/56ths was the community property of Leona Carter and the two children, Chester Carter Grabeel and G. C. Carter. The trial court timely filed findings of fact and conclusions of law. Leona Carter duly perfected this appeal, contending the trial court erred in not declaring the entire tract of land to be her separate property.

The sole question to be decided here is to determine the character of the property acquired. Whether the character of the property is separate or community must be established by the facts and circumstances that existed at the time of the inception of the title. John Hancock Mut. Life Ins. Co. v. Bennett, 133 Tex. 450, 128 S.W.2d 791; Smith v. Buss, 135 Tex. 566, 144 S.W.2d 529. We must therefore look to the character of the property at the time it was acquired on December 30, 1930, by Leona Carter.

Appellant contends the entire tract should be declared her separate property on the theory that the cash payment of $4,096 was the separate property of Mrs. Carter,

and that the community estate was not obligated to pay the deferred payment of $1,503.99 as evidenced by the vendor's lien notes. Neither Leona nor C. C. Carter signed the notes. The deed merely recites that Leona Carter assumed the notes and agreed to pay the three outstanding vendor's notes held by the vendor. The trial court found as a fact that the husband, C. C. Carter, was not a party to the deed in question, and concluded that Carter was not bound to pay the notes assumed by his wife. In our opinion, these findings do not determine the liability of the community estate.

The law is well settled in Texas that a married woman cannot contract so as to make herself personally liable for purchase money as such for real estate. Houston Loan & Investment Co. v. Abernathy, Tex.Com.App., 131 Tex. 601, 117 S.W.2d 1089; Farm & Home Savings & Loan Ass'n of Missouri v. Abernathy, Tex.Com.App., 129 Tex. 379, 102 S.W.2d 410. It is therefore clear that Mrs. Carter could not have been personally liable for the balance of the purchase price. There is no evidence in the record to indicate an agreement was made by Leona and C. C. Carter, at the time the property was acquired, to establish the property as separate property of Mrs. Carter. In the absence of such an agreement it is presumed that the obligation was a community debt as it was made after the marriage. This case will be determined by the nature of the credit extended as a part of the consideration for the purchase price of the land. We are of the opinion this question has been determined by the Circuit Court of Appeals, Fifth Circuit, in Phillips v. Vitemb, 235 F.2d 11, in which a Texas case was reviewed. There the court held that unless the conveyance clearly and affirmatively reflects (as this one does not) that it is to be property of the separate estate so that, by the contract between vendor and vendee or otherwise, the separate estate is alone obligated for the deferred purchase price,

the total nonparticipation of the husband in the transaction makes the wife's agreement to pay the deferred price a community debt and the property, to the extent it is procured thereby, community property. See also Hudspeth v. Hudspeth, Tex.Civ. App., 198 S.W.2d 768. We therefore conclude that the credit extended at the time title was acquired was a community credit. The fact community funds were actually used to pay off this purchase price debt clearly indicates the absence of an agreement between Leona and C. C. Carter or between Leona Carter and the vendor, that her separate estate alone was to be obligated for the deferred payment.

It therefore follows that since a community credit constituted a part of the purchase price, the community estate acquired a part interest in the land in question. Gleich v. Bongio, Tex.Com.App., 128 Tex. 606, 99 S.W.2d 881; Goddard v. Reagan, 8 Tex.Civ.App. 272, 28 S.W. 352. The Texas rule is well established that where property is purchased partly with community and partly with separate funds of one of the spouses, it has the effect of creating a kind of tenancy in common between the community and separate estates, each owning an interest in the proportion that it supplies the consideration. Gleich v. Bongio, supra and John Hancock Mut. Life Ins. Co. v. Bennett, supra; 41 C.J.S. Husband and Wife § 484, p. 1024.

We are therefore of the opinion the trial court correctly held that that portion of the land in question paid for by the separate funds of Leona Carter constituted her separate property, and that the remainder of the property was the community property of the three surviving heirs of C. C. Carter. The transaction created a tenancy in common between the separate estate of Leona Carter and the community estate of Leona and C. C. Carter.

The judgment of the trial court is affirmed.