[Civ. No. 10479.   Third Dist.   Feb. 7, 1963.]

ADA M. MUTHER, Plaintiff and Respondent, v. LELAND MUTHER, Defendant and Appellant.

Lally, Martin & Luce and Thomas W. Martin for Defendant and Appellant.

Albert M. King and Roger M. Settlemire for Plaintiff and Respondent.

VAN DYKE, J.*—This is an appeal from an interlocutory decree of divorce. By plaintiff's complaint the court was requested to grant her an interlocutory decree of divorce from her husband upon the ground of extreme cruelty. The court was further requested to declare that a property settlement agreement theretofore executed between the parties had been abrogated by the parties upon a reconciliation, and, finally, the court was requested to divide the community property between the parties and to award to the wife the custody of the three minor children of the parties.

The husband denied generally the respondent's allegations of cruelty and cross-complained, asking that the divorce be granted to him. He denied that the property settlement agreement had ever been abrogated. After a trial the court granted the wife an interlocutory decree, declared that the property settlement had been abrogated and that the property the parties held was community.

Appellant first urges that the court erred in granting a divorce to respondent wife because there was no independent testimony corroborating the jurisdictional requirement

*Retired Presiding Justice of the District Court of Appeal sitting pro tempore under assignment by the Chairman of the Judicial Council.

of residence. Respondent testified that she had been a resident of Sacramento County, wherein the action was filed, for more than a year prior to the filing thereof, but the corroborating testimony was circumstantial rather than direct and apparently it was so through oversight of counsel. However, we think that the circumstantial evidence was sufficient to corroborate the testimony of respondent, particularly in view of the fact that appellant admitted the jurisdictional requirements of respondent in his answer to the complaint. Corroborative evidence was as follows: A Mrs. Pemberton testified that she was the housekeeper and took care of the Muther children for the period of time from the last week in February until the last day of December 1959, and that the husband and wife were living in Sacramento County. A Mrs. Holmes testified that she stayed at the home of the wife in Oroville before the family moved to Sacramento County in November 1957, and that she stayed with the wife in her Sacramento home until February 1958. There was in evidence a withholding tax statement for the wife for the year 1960, showing that her employer was Sacramento County and during that year her total wages were $6,756.94. We think the foregoing was sufficient to support the court's findings upon the point of jurisdiction. While it is true that the pleaded admission of the necessary residence in Sacramento County would not satisfy the necessity for proof of the jurisdictional residential requirement, nevertheless it is a fair inference from the foregoing circumstantial proof that the husband and wife were living in Sacramento County for a period of time greater than that necessary to satisfy the jurisdictional requirement.

Appellant next contends that the court erred in denying him a divorce on his cross-complaint. Herein appellant depends in part upon a statement in a preliminary opinion filed by the trial judge to the effect that, although plaintiff was entitled to a divorce upon the grounds of extreme cruelty, the case was one where, had the husband's testimony on his cross-complaint been corroborated, it would have been just as proper to grant a divorce to both parties. After that opinion had been filed in the cause, counsel for appellant moved for and was granted an order reopening the case for the purpose of introducing corroborative testimony in support of appellant's cross-complaint. The corroborative testimony met the minimum requirements, at least, to corroborate the husband's testimony in chief. The record further

discloses that following the receipt of the corroborative testimony on behalf of appellant the trial judge orally stated that the parties ought to be divorced because of obvious incompatibility preventing them from living together in harmony, but added that since making the statement above referred to in his filed opinion his mind had changed as to the propriety of granting both a divorce, or of granting the husband a divorce on his cross-complaint; that he thought the respondent had been contributing more than her share to the finances of the marriage; that the husband had expectancies from other sources, such as inheritance; and that for these reasons he then believed that respondent should receive approximately 60 per cent of the property. The court adverted to the fact that he proposed to give her no present alimony as one of the factors impelling him to the 60-40 division. From all of this appellant argues that the only reason the court denied appellant a divorce on his cross-complaint was the court's desire to give the respondent more than one-half of the community property.

■ Informal opinions of trial courts and remarks made from the bench during trial cannot be used to upset findings later made which contain the true and only decision in the case. ■ "The court's findings of fact prevail over preliminary opinions expressed by the judge and are not controlled, modified, or restricted by them. They cannot be impeached by the court's opinions or remarks." (48 Cal.Jur. 2d 321; *McCracken* v. *Teets*, 41 Cal.2d 648, 651-652 [262 P.2d 561].) The court found that the respondent was entitled to a divorce upon the ground of extreme cruelty and conversely that the appellant was not so entitled. These findings conclude the matter on appeal.

■ Appellant next contends that the court erred in finding that the property settlement was abrogated and nullified by the reconciliation. In this respect the court found the parties had previously separated from each other on the 17th day of June 1957; that thereafter they entered into a written property settlement agreement; that on the 21st day of June 1957 appellant herein, as plaintiff, filed an action for divorce from respondent herein; that on the 24th day of June following appellant herein was granted an interlocutory decree of divorce, wherein certain provisions of the property settlement agreement between the parties relating only to the custody and support of the minor children of parties were incorporated by reference; that thereafter, and on or

about January 7, 1958, the parties became reconciled and commenced living together as husband and wife and continued to do so until the 4th day of March 1960; that upon and after the reconciliation, by the conduct of the parties in dealing with the property set over to each by the settlement agreement, the parties evinced an intention not to keep to the written property settlement agreement and the agreement and the documents executed in pursuance thereof conveying property to the parties in severalty were of no further force or effect and were declared to have been cancelled, terminated and ended by the parties. The court found that all property of the parties in existence as of the 7th day of January 1958, and all property acquired by the parties subsequent to said date, was community property.

The acts and conduct of the parties after reconciliation with regard to the property covered by the property settlement agreement may be summarized in this way: Appellant paid taxes on the property in the name of the wife. He joined with the wife in two leases of property standing of record in her name. He made repairs on the house where the parties lived in Sacramento, which had been purchased by the wife during their separation. He bought two lots in Sacramento County in the joint names of the wife and husband and proceeded to build a house on one of them in partnership with another man. He drew funds from the house he was building in Sacramento on a lot in the joint names of the wife and husband and paid an installment on the purchase price of an orange orchard purchased by him shortly after he had obtained his interlocutory decree in the prior action. He consented that the wife use $5,000 from a payment received from the sale of a piece of property near their prior home to reduce a second mortgage on the home where they were living in Sacramento, which mortgage was held by her father. He sold a truck which had been set over to him by the property settlement agreement and turned the funds over to the wife to be used to pay off the balance still owed her father on the second mortgage on their home in Sacramento. He ceased making child support payments of $150 per month when the reconciliation took place. The wife commenced supporting the entire family, including the husband, under an oral agreement to do so upon reconciliation. Instead of paying to the wife about $3,000 of money due her under the settlement agreement in installment payments, the husband ceased to make further pay-

ments after the reconciliation. We think the trial court was fully justified in finding that from their acts and conduct the parties hereto had evinced an abiding intention to consider the property settlement agreement as abrogated and that no error was committed by the decree to that effect.

■ Finally, appellant contends that the division of the community property decreed by the trial court was not just and asks this court to so find and to redivide the property. This may be done in a proper case. (Civ. Code, § 148; *Hill* v. *Hill,* 150 Cal.App.2d 34, 35 [309 P.2d 44]; *Falk* v. *Falk,* 48 Cal.App.2d 762 [120 P.2d 714].) However, this power should be used sparingly by appellate courts and ought not to be used unless there is an obvious unfairness in the trial court's division of the community property. (*Kenney* v. *Kenney,* 128 Cal.App.2d 128, 143 [274 P.2d 951].)

■ We think this is not a case where this court ought to interfere with the trial court's decision. It is apparent from the record that the division of property received extended consideration by the court and presented considerable difficulty. After preliminary indication of the court's settlement of the issues as to divorce and as to the community nature of the property, a further hearing was held directed to the question of division. In the end the division was made upon a valuation basis, and the value of the various items of real and personal property was necessarily uncertain and a matter of dispute. The court gave to the husband real and personal property which according to the court's valuations amounted to approximately $10,000 in value. The real and personal property given to the wife was valued at approximately $40,000. This left undistributed a contract of purchase and sale of the walnut orchard. Concerning this, the court in a filed opinion commented that valuing this item was extremely difficult and made no attempt to set a dollars and cents valuation thereon. The order did provide, however, that the husband should receive the first $10,000 paid in upon the contract and that the balance should be shared equally by the parties. It appears to have been the opinion of the court that the foregoing would bring about a division on approximately a 60-40 basis. The court refused to order the husband to pay the wife's costs for counsel fees, although the divorce was granted to her. The court further noted that the wife was 40 years of age; that although trained as an anesthetist there was some indication that her health had been somewhat impaired and

that she might not for long be able to continue in her calling; that throughout the greater portion of the marriage she had not only borne the burdens of wifehood and motherhood but had been profitably employed at compensation running around five to six hundred dollars a month and had thus made substantial cash contributions to the community; and that she was presently awarded no alimony, although the jurisdiction to make an award in the future should circumstances require was retained. All things considered, we do not think this is a case where an appellate court should disturb the property division made by the trial court.

The judgment appealed from is affirmed.

Schottky, Acting P. J., and Friedman, J., concurred.