[Civ. No. 27577. Second Dist., Div. One. Dec. 23, 1963.]

DORIS K. HARDING, Plaintiff and Appellant, v. WALLACE HARDING, Defendant and Respondent.

Griffith & Thornburgh and Lloyd E. Iverson for Plaintiff and Appellant.

J. F. Goux and John M. Sink for Defendant and Respondent.

FOURT, J.—This is an appeal by plaintiff from that portion of an amended interlocutory judgment of divorce which decreed that certain real property located in Texas was the community property of the parties.

The parties concede that in the case at bar the determination of whether the subject property is community or separate property is controlled by Texas law. (See *Commissioner of Internal Revenue* v. *Skaggs,* 122 F.2d 721, 723; *Tomaier* v. *Tomaier,* 23 Cal.2d 754, 759 [146 P.2d 905]; Rest., Conflicts of Laws, § 238; Note 15 So.Cal. Law Rev. 240, 242.)[1]

Under Texas law, all marital property is either separate or community. If acquired before marriage by any method, or after marriage by gift, devise or descent, it is separate property; otherwise it is community. There are only two exceptions. Property purchased with separate funds is separate property and community property partitioned in the manner provided by statute. (*Hilley* v. *Hilley,* 161 Tex. 569 [342 S.W.2d 565].) Where property is purchased partly with community and partly with separate funds of one of the spouses, it has the effect of creating a kind of tenancy in common

---

[1]The parties were married in Texas, the funds which were used to acquire the subject properties were acquired in Texas; the parties were at the time domiciled in Texas; and the subject properties are located in Texas.

between the community and separate estates, each owning an interest in the proportion that it supplies the consideration. (*Carter* v. *Grabcel* (Tex.Civ.App.) 341 S.W.2d 458, 460; *Gleich* v. *Bongio,* 128 Tex. 606 [99 S.W.2d 881]; *Goddard* v. *Reagan,* 8 Tex.Civ.App. 272 [28 S.W. 352]; *John Hancock Mut. Life Ins. Co.* v. *Bennett,* 133 Tex. 450 [128 S.W.2d 791]; 41 C.J.S., Husband and Wife, § 484, p. 1024.) Property acquired by the spouses during marriage is presumed to be community property and the burden is on the party asserting otherwise to overcome such presumption by clear and convincing evidence. (See *Van* v. *Webb,* 147 Tex. 299 [215 S.W.2d 151]; *Wilson* v. *Wilson,* 145 Tex. 607 [201 S.W.2d 226]; *Magee* v. *Young,* 145 Tex. 485 [198 S.W.2d 883]; *Epperson* v. *Jones,* 65 Tex. 425; Tex. Rev. Civ. Stat., art. 4619, § 1.) Where separate funds have been commingled with community funds, there is a presumption that all of the funds are community funds. (See *Moore* v. *Moore* (Tex.Civ. App.) 192 S.W.2d 929; *Walker-Smith Co.* v. *Coker* (Tex. Civ.App.) 176 S.W.2d 1002.)

Before proceeding with a determination of the three contentions raised on this appeal, the observation made by plaintiff's present counsel in the reply brief is apposite in part as follows: ''The problem on this appeal is one of attempting to sort out the evidence from a voluminous record that is incomplete and repetitive, and based on an inadequate understanding of the applicable law... at the time of the introduction of this evidence.'' To avoid repetition, an initial statement of the facts will be dispensed with and the pertinent facts set forth under the various contentions.

Plaintiff's first contention is that the trial court erred in failing to decree that a portion (i.e. 12 per cent) of the Texas property known as 111 North First Street constituted the separate property of plaintiff. The trial court decreed that the subject property was community property. The gist of this contention is that the evidence was ''clear and uncontroverted that funds totaling $1,500.00 which were the separate property of the Appellant were used as a part of the down payment for this property.'' The record discloses that the $1,500 constituted the proceeds from the sale of certain bonds and that said proceeds were deposited in the joint bank account.[2]

---

[2]Plaintiff's counsel concedes in the opening brief that ''There is sufficient evidence, however, to support the finding of the court with the

712

Plaintiff attempts to bring herself within the ambit of the rule set forth in *Carter* v. *Grabeel, supra,* 341 S.W.2d. 458, that where property is purchased partly with community and partly with separate funds, it has the effect of creating a kind of tenancy in common between the community and separate estates, each owning an interest in the proportion that it supplies the consideration.

■ Plaintiff having shown that $1,500 deposited in the joint account had its genesis in certain bonds, plaintiff had the burden of proving the origin of the funds used to buy these bonds since as indicated above, the burden of proof is on which ever spouse claims a separate property interest. (*Epperson* v. *Jones, supra,* 65 Tex. 425; Tex.Rev.Civ. Stat., art. 4619, § 1.)

■ While plaintiff characterized property as her separate property it was incumbent upon her to establish facts which pointed to the conclusion that it was separate property. What was stated by the trial court is pertinent as follows:

"THE WITNESS; Yes, they were paid for, paid from the joint account from separate income.

"THE COURT: Please don't characterize what it is. Tell us whether it was paid from this joint account.

"THE WITNESS: Yes, The only account that I had.

"THE COURT: Because it is confusing when it is paid from separate funds.

"THE WITNESS: It was paid out of that joint account.

"THE COURT: And whether this constitutes separate property is something for the Court to decide. Do you see what I am getting at?

"THE WITNESS: Yes."

Plaintiff's next contention is that the trial court erred when it decreed that certain property known as the Bee County Property was the community property of the parties.

In November of 1952, plaintiff opened a bank account entitled the "Doris Harding, Special" account. On December 6, 1952, the first check was drawn on said account in the amount of $416. This check was used to purchase two bank money orders [i.e. one in the amount of $116 and the other in the amount of $300] and the money orders were used to purchase the subject property. Plaintiff testified that the

___

one exception above noted (i.e. the Appellant's $1,500.00 contribution) that the property in question was in fact acquired with community funds.''

money deposited in said special account was from oil royalties.

Under Texas law, oil royalties and bonus payments for oil and gas leases on separate property remain the separate property of that spouse who owns it. (See *Lessing* v. *Russek* (Tex.Civ.App.) 234 S.W.2d 891.)

While it is true that plaintiff testified that the money in the account was from oil royalties, she also testified that she was receiving royalty at the rate of only $125 per month, and was depositing royalty income in another account.

Plaintiff states in her opening brief as follows in pertinent part:

"Admittedly, the record is incomplete on the question of how much royalty income and how frequently royalty income was coming into Appellant at this particular time. She testified that she was receiving oil and gas royalties of approximately $125.00 a month [Rep.Tr. p. 105], at the time of her marriage. It is easy to assume that the money came from that source, i.e. the joint account, but there is no evidence in the record to support such an assumption. It is just as easy to assume that there may have been an accumulation of oil royalty checks at the time that account was opened, or that royalties in some instances were not paid monthly, but on a quarterly, semi-annually, or annual basis, or that there may have been some advance royalties paid at or about the time that account was opened. *Unfortunately, there is no evidence in the record to support that contention either....*" (Italics added.)

■ The subject property was acquired during the marriage of the parties and it was incumbent upon plaintiff to rebut the presumption that said property was community property. Plaintiff had the burden of proof. ■ She admits in her brief that there is no evidence to support a hypothesis of how sufficient funds from the oil royalty were deposited in the special account in a one month period of time (i.e., account opened in November and check drawn in December) to purchase the subject property where the evidence showed that the royalty payment was $125 per month. It is manifest that plaintiff failed to sustain her burden of proof. ■ On appeal, this court does not indulge in assumptions which tend to defeat the judgment of the trial court. (See cases cited 6 West's Cal. Dig., App. & Error, § 930(1).)

Finally, plaintiff asserts that the trial court's division of the community property was not just and requests that this

court so find and redivide the community property (i.e., award all of the community property to plaintiff).

Since the divorce was granted on the ground of extreme cruelty, the trial court was under an obligation to award the innocent party more than one half of the community property. It is within the sound discretion of the trial court to determine just how much more than half it would award the innocent party. (*Visini* v. *Visini,* 212 Cal.App.2d 183 [27 Cal.Rptr. 782]; *Gonzales* v. *Gonzales,* 152 Cal.App.2d 103, 107 [312 P.2d 333]; *Dowd* v. *Dowd,* 111 Cal.App.2d 760, 764-765 [245 P.2d 339].) The appellate court has the authority to redetermine the division of community property in a proper case. (Civ. Code, § 148; *Hill* v. *Hill,* 150 Cal.App.2d 34, 35 [309 P.2d 44]; *Falk* v. *Falk,* 48 Cal.App. 2d 762 [120 P.2d 714].) However, this power should be used only when there is a manifest unfairness in the trial court's division of the community property. (*Muther* v. *Muther,* 212 Cal.App.2d 778 [28 Cal.Rptr. 200, 203]; *Kenney* v. *Kenney,* 128 Cal.App.2d 128, 143 [274 P.2d 951].)

In the case at bar the trial court did award plaintiff more than one-half of the community property. Based upon the record before us, we cannot say that the award constituted a manifest unfairness.

For the reasons stated the judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.