**Jack O'BENAR, Appellant,**

v.

**Juanita O'BENAR, Appellee.**

**No. 16828.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 25, 1966.

Rehearing Denied Dec. 23, 1966.

Yale B. Griffis, Dallas, for appellant.

Palmer, Green, Palmer & Burke, Philip I. Palmer, Dallas, for appellee.

DIXON, Chief Justice.

Appellant Juanita O'Benar brought suit to dissolve a common law marriage and for division of property. Appellant Jack O'Benar has appealed from a judgment in appellee's favor.

The trial began before a jury, but before the cross-examination of appellee had been concluded the parties informed the court that they had agreed on a property settlement, that appellant desired to withdraw his objections to the divorce and that they desired to waive trial by jury so that the court might pass on the facts as well as the law.

The court thereafter rendered judgment for divorce and for a division of property, pursuant to an agreement entered into by the parties themselves in open court.

In his first point on appeal appellant complains that the court erred in overruling his exception to that portion of appellee's petition wherein appellee sued for $15,000 damages in tort because of fraud. There is nothing in the record to show that such exception was ever acted on by the court, or even brought to the attention of

the court. Therefore under Rule 90, Vernon's Texas Rules of Civil Procedure, the exception was waived. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562; Marshall v. Huron, Tex.Civ.App., 274 S.W.2d 572 (no writ hist.); Webb v. Mitchell, Tex.Civ. App., 371 S.W.2d 754, 761 (no writ hist.); Smith v. Pulliam, Inc., Tex.Civ.App., 388 S.W.2d 329 (ref. n. r. e., 394 S.W.2d 791). Anyway, the court's judgment made no award of any such damages so the tort allegations, even if we were to say that they were improper, must be regarded as harmless under Rule 434, T.R.C.P. Appellant's first point is overruled.

In his second to ninth points inclusive and his twelfth and thirteenth points appellant attacks the divorce judgment on a number of grounds which in substance are as follows: (1) the court undertook to dissolve a common law marriage which began in the State of Illinois, where by statute it was void; (2) after coming to Texas there was never any agreement between the parties to live together as husband and wife, or any holding out by them as such; (3) it was error to introduce various letters, bills, invoices, contracts, etc.; (4) the evidence showed appellant had continued to reside in Illinois, therefore he could not have agreed to a common law marriage in Texas; (5) there was not full and satisfactory evidence to prove cruel treatment as required by Art. 4629, Vernon's Ann.Civ.St.; and (6) the court failed to find expressly as a fact that the parties held themselves out as husband and wife.

■ There is no merit in any of the above points. There is evidence in the record that the parties did live together in Illinois beginning in 1947 purportedly as common law spouses; and common law marriages are not recognized in Illinois. However, in 1951 appellee broke off that relationship, returned to Texas, resumed her maiden name, bought a home and obtained employment. Some months later appellant followed her to Texas. The parties discussed their status and on April 15, 1952 in Texas entered into a new common law marriage agreement. Since common law marriages are recognized in Texas their new agreement was valid and the burden was on appellant to prove otherwise. Texas Employers' Ins. Ass'n v. Elder, 155 Tex. 27, 282 S.W.2d 371; Texas Employers' Ins. Ass'n v. Gomez, Tex.Civ.App., 313 S.W.2d 956 (ref. n. r. e.).

■ There is also ample evidence that the parties cohabited as husband and wife and held themselves out as such from 1952 until 1964 when they separated. Numerous letters, contracts, bills, statements, joint bank accounts—more than fifty such documents—were introduced in evidence for the very purpose of showing that appellant and appellee did hold themselves out as husband and wife to social friends and business acquaintances. These documents were in the name of "Mrs. Juanita O'Benar", or "Mr. and Mrs. Jack O'Benar", or "Jack O'Benar and wife", and showed their residence at 330 Embrey Drive in Dallas, Texas.

■ There was also evidence of cruel treatment. Appellee testified that appellant falsely accused her of infidelity, spoke to her in an ugly way at times and at other times would not speak to her. She testified that on one occasion when she was critically ill in a hospital under heavy sedation, appellant caused her to sign deeds to him of her interest in their property under the false representations that the deeds were merely papers necessary to enable him to borrow $10,000 for a business project. We agree with the trial court that there was satisfactory evidence of cruel treatment. Alexander v. Alexander, Tex.Civ.App., 373 S.W. 2d 800 (no writ hist.); Grimes v. Grimes, Tex.Civ.App., 365 S.W.2d 228 (no writ hist.); Fomby v. Fomby, Tex.Civ.App., 329 S.W.2d 111 (no writ hist.).

■ The court expressly found that the parties entered into a common law marriage agreement in Texas in 1952 and thereafter cohabited as husband and wife. The

court failed to include the third element of a common law marriage: that the parties held themselves out as husband and wife. As we view the record the evidence was undisputed that the parties did hold themselves out as husband and wife, so it was unnecessary for the court to make such a finding. Smith v. Brown Express, Tex.Civ. App., 343 S.W.2d 550 (ref. n. r. e.); Donalson v. Horton, Tex.Civ.App., 256 S.W.2d 693, 697 (no writ hist.). Certainly we think that the record shows no prejudicial injury to appellant. Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117; Wade v. Taylor, Tex. Civ.App., 228 S.W.2d 922 (no writ hist.); Wentz v. Hancock, Tex.Civ.App., 236 S.W. 2d 175 (writ ref.). Furthermore, the court concluded that as a matter of law the common law marriage had been consummated in Texas. Since two of the elements of a common law marriage were expressly found by the court favorably to appellee we must presume that the third element was found by the court in such a way as to support the judgment. Rule 299, T.R.C.P.

■ The evidence supports a finding that appellant was a resident of Texas from 1952 until 1964. It is true that he made trips to Chicago where he still had a number of business interests which required his attention from time to time. But in 1955 he leased a business he owned in Chicago and thereafter spent most of his time in Texas, living with appellee in their home.

■ Appellee was the only witness and of course she was an interested witness. But appellant was present in court and chose not to testify. Under such circumstances appellee's uncontradicted testimony as to the facts must be accepted as true. 56 Tex.Jur.2d 551. And the facts so established were held by the court to constitute cruel treatment.

In his tenth point on appeal appellant contends that the property settlement agreement on which the judgment is partially based was one in which the minds of the parties never met. Specifically appellant says that appellee's attorney did not agree that the settlement agreement should contain these words, " * * * that each party take nothing against the other except as herein provided."

There is no merit to appellant's tenth point. In oral argument before this court appellee's attorney stated that at one time he did object to inclusion of the words above quoted. But on checking the court reporter's notes of the agreement entered into by the parties themselves in open court he found that he had been mistaken, and thereupon consented for the transcribed agreement and the judgment to be signed by the court to contain the said words.

■ In any event the transcribed property settlement agreement and the judgment signed by the court both include the very words which appellant says they should include. The statement of facts shows that the court carefully questioned the appellant himself and the appellee herself to make sure that they fully understood the agreement and that they were asking the court to approve it. It is obvious that there was a complete meeting of the minds of the parties in reaching their property settlement agreement. Appellant's tenth point is overruled.

■ In his eleventh point appellant asserts that the court erred in dividing the property because it was his separate property. This contention cannot be sustained. In the first place as above stated appellant and appellee in open court agreed to the property settlement and the court divided the property pursuant to their agreement and request. Their agreement and the court's judgment were binding on them. Alexander v. Alexander, Tex.Civ.App., 373 S.W.2d 800, 804 (no writ hist.); DeLee v. Allied Finance Co. of Dallas, Tex.Civ. App., 408 S.W.2d 245. Furthermore, by entering into a consent judgment appellant waived all errors committed before the rendition of the judgment with reference to the property settlement. Toplitsky v. Top-

litsky, Tex.Civ.App., 282 S.W.2d 254 (ref. n. r. e.). In the second place the undisputed facts disclosed by the record bring this case within the holdings with reference to community property of Broussard v. Tian, 156 Tex. 371, 295 S.W.2d 405; Carter v. Grabeel, Tex.Civ.App., 341 S.W. 2d 458 (no writ hist.); Dillard v. Dillard, Tex.Civ.App., 341 S.W.2d 668 (ref. n. r. e.); and Miller v. Pierce, Tex.Civ.App., 361 S.W.2d 623 (no writ hist.).

Appellant's eleventh point is overruled.

The judgment of the trial court is

Affirmed.