## LONE STAR BUILDING & LOAN ASS'N v. FORD.

### No. 10997.

Court of Civil Appeals of Texas. Galveston.
May 16, 1940.

Rehearing Denied June 20, 1940.

J. L. Webb, of Houston, for appellant.

C. H. Chernosky and A. B. Gerland, both. of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal in an action brought by appellee, Mrs. C. H. Ford, against appellant, Lone Star Building & Loan Association, for

the cancellation of an application for the purchase of stock of appellant Association by reason of fraudulent representations and for the recovery of the sums of money paid thereon.

Appellee alleged that she had entered into an agreement with appellant, through its agent, one L. S. Holler, to deposit with appellant Association the proceeds of two Federal Land Bank bonds of $1,000 each, with the understanding that all sums so deposited would pay interest at the rate of 8 per cent per annum and that she would be permitted to withdraw all or any part of said funds, with accrued interest thereon, at any time she desired; that by reason of the fraudulent acts and representations of said Holler, acting within the scope of his authority, she endorsed and assigned said bonds to appellant and that she subsequently deposited an additional sum of $72 with appellant. Appellee alleged that upon the representations of said Holler that she was signing a "signature card", which she did not read, she was induced to sign an application to purchase 850 shares of stock of appellant Association of the par value of $100 per share and that said application provided that $1,700 of the amount so deposited by her represented a membership fee and was not subject to withdrawal.

Appellant answered by general demurrer, general denial and special exceptions. It pled specially that it had never condoned or ratified any misrepresentations made by its agents; that, if made, they were beyond the scope of the agent's authority, and that the appellee had full knowledge of the trend and character of the transaction involved in this undertaking.

The jury, in answer to special issues submitted, found that L. S. Holler represented to appellee that, if she would deliver said bonds to him to deposit with appellant Association, it would pay her 8 per cent interest on the money represented by said bonds and would permit her to withdraw at any time all or any part of the money represented by said bonds, with accumulated interest thereon; that she believed and relied upon said representations and would not have delivered said bonds to Holler if said representations had not been made to her; that she did not know that she was subscribing for Building and Loan Association stock and that she did not learn until September, 1936, that, in exchange for the two Federal Land Bank bonds which she had delivered to Holler, she had obligated herself to pur-

chase 850 shares of stock of the par value of $100 per share from appellant Association; that, after September, 1936, appellee did not accept payments of dividends on said stock; that said agent, L. S. Holler, represented to appellee at the time she signed said application card that it was a signature card and that she did not know the contents thereof; that she relied on said representations and would not have signed said application card if it had not been represented to be a signature card.

Based on these findings judgment was rendered in favor of appellee in the sum of $2,485.66. The application for membership in appellant Association, the receipt for stock certificate, the stock certificate and pass-book, and all agreements between the parties were cancelled and adjudged to be void.

The record shows that appellee was a widow 77 years of age; that she earned her livelihood by raising chickens and keeping a few cows; that she was the owner of two Federal Land Bank bonds of $1,000 each, which bore interest at the rate of 4 per cent per annum; that in September, 1936, appellee went to the office of appellant to withdraw the money which she thought she had deposited with the Association and then, for the first time, learned that she had signed an application for the purchase of $85,000 in stock and that said application provided that she should pay $2 per share, amounting to $1,700, which was to be retained by the Association as a membership fee.

At the time of the assignment of said bonds to appellant, L. S. Holler, was employed by F. O. Statler, the vice-president and manager of appellant Association, to sell stock in said association, under a contract between Statler and appellant Association under which he was to receive $1.50 per share out of the $2 membership fee paid on all stock sold by him. Statler received $1,275 out of the $1,700 charged appellee as a membership fee.

Appellant contends that appellee's case is based on allegations of misrepresentations and fraud which relate to matters which might occur in the future and upon promises to be performed in the future and that, therefore, no cause of action is stated against it. This contention cannot be sustained.

Article 4004, Revised Civil Statutes, reads: "Actionable fraud in this State with regard to transactions in real estate or in stock in corporations or joint stock com-

**698**

panies shall consist of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into said contract. * * "

■ In the instant case appellee alleged and the jury found that there was a definite oral agreement between appellee and the agent of appellant that, if appellee would deposit certain funds with appellant Association, she would be permitted to withdraw said funds so deposited, with 8 per cent interest at any time she desired; that appellee believed said representations and relied thereon, and that she would not have delivered said bonds to appellant's agent if said representations had not been made to her. Unquestionably these were representations of material existing facts and are supported by the evidence.

Appellant further contends that appellee is charged with the knowledge of the fact that the representations on which her case is based were in direct violation of the law and that they were ultra vires, and that they can form no basis for the fraudulent representations relied upon by appellee.

■ This contention is completely answered by the fact that appellee does not seek in this action to enforce the said alleged oral agreement with appellant's agent, or to reform the written contract alleged to have been fraudulently obtained, and that she does not seek damages by reason of said alleged fraudulent acts and representations. Appellee's case is based entirely on the alleged fact that there had never been a meeting of the minds of the contracting parties. She does not seek in this action to enforce an illegal contract or to enforce promises and representations that were ultra vires. Her action is to rescind and cancel a contract alleged to have been procured by fraud and misrepresentations and to recover her money alleged to have been obtained through fraudulent acts and misrepresentations.

■ The record shows that appellee was an elderly woman inexperienced in matters pertaining to building and loan associations; that she acted in absolute reliance upon the representations made to her by appellant's agent, and that she did not read the application card signed by her at his suggestion whereby she became obligated to purchase stock of appellant Association valued at $85,000 and to pay $1,700 as a commission therefor.

In the case of Trammell v. San Antonio Life Ins. Co., Tex.Civ.App., 209 S.W. 786, 789, the court, in passing on the identical question involved in the instant case says: "Appellant is not seeking to enforce an illegal contract, but he wants the money back obtained from him through a fraudulent and void contract. He seeks to disaffirm and destroy the illegal contract, and have both parties placed in the same position they occupied before the void contract was made. Federal Life Ins. Co. v. Hoskins [Tex.Civ. App.], 185 S.W. 607. If the contract for the policy was illegal, appellee will not be permitted to profit by it, but will be forced to return the money and leave the parties as they were when the contract was made."

We have fully considered all propositions presented in appellant's brief. In our opinion none of them show error in the record which requires a reversal of the judgment. The judgment of the trial court will therefore be in all things affirmed.

Affirmed.