

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 8, 1961

Overruled by
WW – 1110 – a

Honorable Joseph C. Ternus
County Attorney
San Patricio County
Sinton, Texas

Opinion No. WW-1110

Re: Whether County School
Trustees are elective
county and precinct
officers as used in
Article XVI, Section
64 of the Constitution.

Dear Mr. Ternus:

We are in receipt of your letter in which you ask
for an interpretation of Article 2676 of Vernon's Civil
Statutes, as amended by Acts of the 55th Legislature,
Regular Session, 1957. In your letter you stated that
it was your opinion that that portion of Article 2676
which relates to the terms of office of a county school
trustee, providing for terms of office of two years, is
unconstitutional, being in conflict with Section 64 of
Article XVI of the Texas Constitution.

Section 64 of Article XVI of the Texas Constitution
provides as follows:

"The office of Inspector of Hides and
Animals, the elective district, county and
precinct offices which have heretofore had
terms of two years, shall hereafter have
terms of four years; and the holders of such
offices shall serve until their successors
are qualified."

Article 2676 of Vernon's Civil Statutes states as
follows:

"Section 1. The general management and
control of the public free schools and high
schools in each county, unless otherwise pro-
vided by law shall be vested in five (5) county
school trustees elected from the county, one (1)

of whom shall be elected from the county
at large by the qualified voters of the
county and one (1) from each Commissioner's
Precinct by the qualified voters of each
Commissioner's Precinct, who shall hold of-
fice <u>for a term of two (2) years</u>. The time
for such election shall be the first Saturday
in April of each year; the order for the election
of county school trustees to be made by the
county judge at least thirty (30) days prior to
the date of said election, and which order shall
designate as voting places within each common
or independent school district the same voting
place or places at which votes are cast for the
District Trustees of said common and independent
school districts, respectively. The election
officers appointed to hold the election for Dis-
trict Trustees in each of said school districts,
respectively, shall hold this election for county
school trustees.

"Sec. 2. It shall be no valid objection
that the voters of a Commissioner's Precinct are
required by the operation of this Act to cast
their ballots at a polling place outside the
Commissioner's Precinct of their residence.

"Sec. 3. Each year there shall be elected
alternately two (2) county school trustees and
three (3) county school trustees in each county.
All vacancies shall be filled by the remaining
trustees. All elections heretofore held in ac-
cordance with the foregoing provisions of this
Act are hereby in all things validated and all
trustees so elected shall continue to hold office
until the expiration of the term for which they
were originally elected." (Emphasis added)

There can be no question that a county school trustee
is holding a public office. In Volume 34, Texas Juris-
prudence at page 322, it is said:

"Many judicial definitions of a 'public
office' are to be found in the reported cases

but they are substantially of the same import.
It is said to be a right to exercise a public
function or employment and take the fees and
emoluments belonging to it; 'a public station
or employment conferred by the appointment of
government;' and 'the right, authority and duty
created and conferred by law, by which, for a
given period, either fixed by law, or enduring
at the pleasure of the creating power, an indivi-
dual is invested with some portion of the sover-
eign functions of the government, to be exercised
by him for the benefit of the public.'  The indi-
vidual so invested is a public officer.  He is a
person who exercises some functions of the govern-
ment - one who is commissioned or authorized to
perform any public duty."

Also see Kimbrough v. Barnett, 93 Tex. 301, 55 S.W. 120, 122
(1900), and Knox v. Johnson, 141 S.W.2d 698 (Civ.App. 1940,
error ref.)

Article 2683, Vernon's Civil Statutes, and 37 Tex. Jur.
930 refer to such trustee as being a county school trustee.
It follows that holding a "public office" in this capacity
classifies such person as a county officer.

At the General Election in November, 1954, the voters
adopted Section 64 of Article XVI as part of the Texas Con-
stitution, which, in effect, changed the terms of certain
offices in Texas from two to four years.  These offices in-
cluded the Inspector of Hides and Animals, the elective dis-
trict, county and precinct officers which theretofore had
terms of two years.

Prior to the amendment of Article 2676 by the Legis-
lature in 1957, said Article provided that county school
trustees were to hold this office for a term of two years
and that elections were to be held each year, and that they
shall be elected alternately, two county trustees and three
county trustees.  The Legislature in 1957 carried over into
the amended statute this same term of office.  This, in our
opinion, was unconstitutional as it violated Section 64 of
Article XVI of the Texas Constitution.

The Legislature, in amending Article 2676, Vernon's
Civil Statutes (Acts 55th Legislature, 1957, ch. 473, p.
1383) provided the following savings clause:

> "If any provisions of this Act or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of the Act which can be given effect without the invalid provision or application, and to this end the provisions of this Act are declared to be severable."

The Supreme Court of Texas held in Jordan v. Crudgington, 149 Tex. 237, 231 S.W.2d 641 (1950), at page 646:

> "As a result of striking from the Act the three provisions above discussed, must the Act as a whole be condemned?  We have concluded that that result does not follow.  The Act provides that 'If any Section, clause or part of this Act shall be held invalid, it is hereby declared to be the intention of the Legislature that the remainder thereof not held invalid shall remain in effect, and the validity of the remainder of this Act shall not be affected thereby.'  Section 15. Since the above provisions of the Act violate mandatory and exclusive provisions of the Constitution, it is our duty to carry out the express intent of the Legislature by substituting the constitutional provisions for the provisions of the Act which they condemn, with the result that jury trials in the court in question shall be had before juries of twelve men.  Norman v. Giles, Tex.Sup., 219 S.W.2d 678; Greene v. Robison, 117 Tex. 516, 8 S.W. 2d 655.  With those constitutional provisions read into the Act it is our conclusion that it is a valid exercise of the legislative power; that is to say that none of the objections urged by the respondent is valid."

Because of the above mentioned savings clause, together with the holding of the Supreme Court of Texas in the last cited case, it is our opinion that only that portion of Article 2676, Vernon's Civil Statutes, which provides for two year terms of office is unconstitutional.  It would necessarily follow that these elections would be held every two years rather than every year, and the terms of office are four years rather than two.

## S U M M A R Y

That portion of Article 2676, Vernon's Civil Statutes, as amended, which provides that the term of office of a County School Trustee is for two years, is unconstitutional as being in violation of Section 64 of Article XVI of the Texas Constitution.

Yours very truly,

WILL WILSON
Attorney General of Texas

By  Leon F. Pesek
Assistant

LFP:ms:zt

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Virgil Pulliam
L. P. Lollar
Maston Courtney
Dudley McCalla

REVIEWED FOR THE ATTORNEY GENERAL
BY:   Morgan Nesbitt